IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| INDIAN HARBOR INSURANCE COMPANY | § § § | |
| Plaintiff, | § § | |
| V. | § | CIVIL ACTION NO. 4:11-cv-1846 |
| | § | |
| KB LONE STAR, INC. F/K/A LONE STAR and L.P. F/K/A KAUFMAN & BROAD LONE STAR, L.P. | § § § | |
| Defendants. | | |

**PLAINTIFF INDIAN HARBOR INSURANCE COMPANY'S**
**ORIGINAL COMPLAINT SEEKING DECLARATORY JUDGMENT**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS:

Indian Harbor Insurance Company (Indian Harbor) files its Original Complaint Seeking Declaratory Judgment, and in support thereof pleads as follows:

**I.**
**PARTIES**

1.  Plaintiff Indian Harbor is a North Dakota corporation and has its principal place of business in the State of Connecticut. Indian Harbor is not a citizen of Texas.

2.  Defendant KB HOME Lone Star, Inc., successor to KB HOME Lone Star, L.P. F/K/A KB Lone Star, Inc. F/K/A Lone Star, L.P. F/K/A Kaufman & Broad Lone Star, L.P. (hereinafter "KB") is a Texas Corporation authorized and doing business in Texas. It is not a citizen of North Dakota or Connecticut. It may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, at the agent's registered address 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## II.
## JURISDICTION

3. The Court has jurisdiction over this lawsuit under 28 U.S.C. sec 1332(a)(1) because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## III.
## VENUE

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1) and (c). Specifically, Defendant is a corporation that resides in this judicial district. It is subject to personal jurisdiction in this district because it maintains a registered office in this district and division and some of its executive officers and directors maintain their offices in this district and division.

## IV.
## FACTS SUPPORTING COMPLAINT

5. Indian Harbor issued a policy of liability insurance to Innovative Concrete Construction (Innovative) with a single-year policy term of October 18, 2000 through October 18, 2001 (the Policy). Indian Harbor's policy provides no coverage before or after this one year policy term.

6. Innovative did work as a concrete subcontractor for KB at various times and on various projects spanning multiple year periods

7. KB was sued in two lawsuits that have since been consolidated into a single action. The two lawsuits were styled: 1) *San Antonio Housing Authority v. Magi Realty, et al.*, Bexar County District Court Case No. 2007-CI-05258; and 2) *Arias, et al v. KB Home, et al*, Bexar County District Court Case No. 2009-CI-08711 (collectively the Lawsuits).

8. In these Lawsuits, the Plaintiffs factually allege that KB contracted to design and build homes for a government-subsidized residential subdivision, but that KB failed to build the homes according to the contract specifications, and delivered the homes in a substandard condition.

9. KB, out of the offices of its California counsel appointed by KB's insurer, AIG, continues to demand a defense and indemnity under the Indian Harbor Policy and dozens of other of KB's subcontractors' insurers for the claims asserted in the Lawsuits.

10. KB claims that it is entitled to a defense and indemnity because it asserts that it was an additional insured under the Indian Harbor Policy that was issued to Innovative. KB asserts that sub-contractor agreements signed between KB and Innovative obligates Indian Harbor to provide coverage to KB as an additional insured.

11. In response to KB's request for coverage, Indian Harbor sent a reservation of rights letter in which it offered to investigate whether it owed a defense subject to its expressly reserved right to deny coverage and to request information concerning its coverage position. Indian Harbor subsequently declined to participate in KB's defense based upon its coverage defenses and information received and outlined below.

12. As a preliminary matter, the Indian Harbor Policy only applies if alleged "property damage" occurred during the policy term.

13. The pleadings in the Lawsuit wholly fail to allege that any actual property damage occurred <u>during</u> the Indian Harbor policy term.

14. The Indian Harbor Policy is not a performance bond and does not warrant construction work or pay the costs to repair the insured's defective construction. It does not cover the insured's contractual obligations to deliver the project in a non-defective condition.

15. The only facts alleged in the Lawsuits involving Innovative Concrete state that the driveways and sidewalks "were not properly constructed" and that the "rebar embedded within them was not placed at the proper depth."

16. The entirety of the damage facts alleged in the Lawsuits involving Innovative assert damages that solely involve repair or replacement of the allegedly defective construction.

17. The entirety of the damage facts alleged in the Lawsuits involve the need to identify, diagnose, and correct the alleged design and construction defects which constitute nothing more than contract claims that are specifically excluded by the Policy.

18. Simply put, the Lawsuits do not state any facts alleging damages or actual injury to property that fall within the coverage provided by the Indian Harbor Policy.

19. The additional insured endorsement in the Policy clearly states that coverage is provided to KB "only with respect to liability arising out of" Innovative Concrete's operations.

20. There are no covered liability or covered damage claims asserted against KB in the Lawsuits arising out of Innovative's operations.

21. Simply put, the pleadings in the Lawsuits do not allege facts that create a defense or indemnity obligation owed by Indian Harbor to KB.

22. Pleading in the alternative, even if a defense obligation were owed, the vast majority of the defense costs incurred by KB in its defense of the Lawsuits were incurred defending wholly independent and separate claims and occurrences involving clearly segregable and

distinct claims and occurrences having absolutely nothing to do with any alleged liabilities arising out of Innovative's operations and for which there is no defense or coverage obligation.

23. Pleading in the further alternative, even if defense costs were owed, Indian Harbor would only be liable for defense costs reasonably incurred in defending the claims asserted in the Lawsuits. The defense costs incurred by Langley Banack (KB's defense counsel) were not reasonable or customary.

24. Pleading in the further alternative, Indian Harbor has learned that Langley Banack, the law firm that provided KB its defense, is in a non-waivable conflict situation. The firm had previously represented Innovative in a lawsuit filed in Kendall County, Texas, involving claims by KB against Innovative Construction. The lawsuit was not dismissed until July 10, 2009, after the Lawsuits had been filed. The same Langley Banack firm also represented Innovative in a bankruptcy in which KB's claims were listed. This same Langley Banack firm failed to obtain discharge of KB's claims against Innovative in the bankruptcy action and instead began representing KB in pursuing the claims against its own client. . Legal fees incurred in such a conflict situation are inherently not subject to payment or collection, are not "reasonably incurred" as a matter of law, and cannot be sued for, nor subject to reimbursement. Accordingly, KB or those acting by or through it cannot seek payment for defense costs that it itself is under no obligation to pay Langley Banack.

25. Accordingly, based upon the information reviewed by Indian Harbor, defense and indemnity coverage is not available for KB. However, KB's defense counsel continues to demand that Indian Harbor reimburse it for legal fees that the attorneys have incurred in defending KB, including those spent suing its other client, Innovative.

26. Indian Harbor hereby seeks a declaratory judgment that the legal feels sought to be paid by KB's defense counsel are not covered under its Policy, and not eligible for payment.

## V.
## **DECLARATORY JUDGMENT**

27. Indian Harbor brings this claim for declaratory judgment under FED. R. CIV. P. 57 and 28 U.S.C. Sec. 2201 and 2202. Indian Harbor is entitled to a declaration that is has no coverage obligations for the following reasons:

A) The Lawsuits do not allege any damage that occurred during the Indian Harbor Policy period;

B) None of the property damage alleged in the Lawsuits occurred during the Indian Harbor Policy period;

C) The Lawsuits do not allege an "occurrence" or "accident" of any kind that occurred during the Indian Harbor Policy period;

D) Policy exclusions a, b, j(5), j(6), k, l, m, n, both subsidence exclusions and the claims in progress exclusion under the Policy exclude from coverage the defective construction and repair damage claims alleged in the Lawsuits.

E) The legal fees sought to be recovered by KB relate almost entirely to defending matters and claims that do not arise out of the operations of Innovative and for which KB could have no coverage under the Policy as an additional insured;

F) The law firm that undertook the legal work on behalf of KB for which defense payments were sought was in a non-waivable conflict position such that its legal fees are not payable at law or in equity.

28. Specifically, Indian Harbor seeks a judgment declaring that the following exclusions within the Indian Harbor Policy form a basis to deny coverage for the claims alleged because the Policy does not insure:

*2. Exclusions*
   *a. Expected or Intended Injury*
   *"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.*

   *b. Contractual Liability*
   *"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages.*
   *(1) That the insured would have in the absence of the contract or agreement; or*
   *(2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:*
      *(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and*
      *(b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.*

*\* \* \**
   *j. Damage to Property*
   *"Property damage" to:*
   *(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or*
   *(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.*

   *k. Damage to Your Product*
   *"Property damage" to "your product" arising out of it or any part of it.*

   *l. Damage to Your Work*
   *"Property damage" to "your work" arising out of it or any part of it and included in the products-completed operations hazard".*

*This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.*

**m. Damage to Impaired Property or Property Not Physically Injured**
*"Property damage" to "impaired property" or property that has not been physically injured, arising out of:*

*(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or*
*(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.*

*This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.*

**n. Recall of Products, Work or Impaired Property**
*Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:*

*(1) "Your product";*
*(2) "Your work"; or*
*(3) "Impaired property";*

*if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.*

*\* \* \**
***EXCLUSION – SUBSIDENCE***

*We do not cover claims, loss, costs or expense for "Bodily injury", "Personal injury", Disease or illness, including*

*death, or to loss of, damage to, or loss of use of property for past, present or future claims caused by, resulting from, attributable or contributed to, or aggravated by the subsidence of land as a result of landslide, mud flow, earth*

*sinking, shift or shrinking, resulting from your operations or any contractor or subcontractor regardless of whether the first manifestation of same occurs prior to, or during the policy period, or subsequent thereto.*

*\* \* \**

## EXCLUSION – SUBSIDENCE

*THIS ENDORSEMENT MODIFIES INSURANCE PROVIDED UNDER THE FOLLOWING:*

*COMMERCIAL GENERAL LIABILITY COVERAGE PART*

*We do not cover claims, loss, costs or expense for "Bodily injury", "Personal injury", disease or illness, including death, or to loss of, damage to, or loss of use of property, for past, present or future claims caused by, resulting from, attributable or contributed to, or aggravated by the subsidence of land as a result of landslide, mud flow, earth sinking, shift or shrinking, resulting from your operations or any contractor or subcontractor regardless of whether the first manifestation of same occurs prior to or during the policy period or subsequent to.*

*\* \* \**

## EXCLUSION – CLAIMS IN PROGRESS

*THIS ENDORSEMENT MODIFIES INSURANCE PROVIDED UNDER THE FOLLOWING:*

*COMMERCIAL GENERAL LIABILITY COVERAGE PART*

*This policy does not apply to "Bodily Injury" or "Property Damage", including any obligation to indemnify or to defend, which first occurs or is discovered before the inception date of this policy but continues to occur during this policy period, if such "Bodily Injury" and/or "Property Damage" is known to any insured or any insured has reason to know or believe to exist prior to the inception of this policy.*

29. The circumstances surrounding the claim as described above and specific Policy provisions referenced herein entitle Indian Harbor to a declaratory judgment that it has no defense or indemnity obligation to KB involving the Lawsuits.

## VI.
## PRAYER

For these reasons, Indian Harbor asks for judgment against Defendants for:

a) a declaration that Indian Harbor has no duty to defend KB for the legal fees it is incurring in responding to the Lawsuits;

b) a declaration that Indian Harbor has no duty to indemnify KB for any potential judgment arising out of the Lawsuits;

c) costs of court;

d) attorneys' fees;

e) all other relief the court deems proper.

        Respectfully submitted,

        SAVRICK, SCHUMANN, JOHNSON,
        MCGARR, KAMINSKI & SHIRLEY, L.L.P.

        By:   s/ Gary N. Schumann
            Gary N. Schumann, Attorney-in-charge
            State Bar No. 17851930
            Camille Johnson
            State Bar No. 10686600
            Jessica Marcoux Hall
            State Bar No. 24046348
            Scott B. Herlihy
            State Bar No. 24002262
            4330 Gaines Ranch Loop, Suite 150
            Austin, Texas 78735
            Phone: (512) 347-1604
            Fax: (512) 347-1676

**ATTORNEYS FOR PLAINTIFF**
**INDIAN HARBOR INSURANCE COMPANY**