IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| INDIAN HARBOR INSURANCE COMPANY § | | |
| Plaintiff, § | | |
| § | | |
| V. § | CIVIL ACTION NO. 4:11-cv-1846 | |
| § | | |
| KB LONE STAR, INC. F/K/A § | | |
| LONE STAR L.P. F/K/A KAUFMAN § | | |
| & BROAD LONE STAR, L.P. § | | |
| Defendants. | | |

## PLAINTIFF, INDIAN HARBOR INSURANCE COMPANY'S, RESPONSE TO DEFENDANTS' MOTION TO DISMISS

TO THE HONORABLE JUDGE MELINDA HARMON:

Plaintiff, Indian Harbor Insurance Company ("Indian Harbor"), files this Response to Defendants KB Lone Star, Inc. f/k/a Lone Star L.P. f/k/a Kaufman & Broad Lone Star, L.P.'s (collectively "KB") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7) and in support, would show the following:

### I. Introduction

The facts stated herein and supporting documentation are supported by the Declaration of Gary N. Schumann, attached hereto as Exhibit 1, which is incorporated herein for all purposes.

Indian Harbor issued a policy of liability insurance to Innovative Concrete Construction ("Innovative Concrete") with a single-year policy term of October 18, 2000 through October 18, 2001 (the "Policy"). See Exhibit 1A. Indian Harbor's policy provides no coverage before or after this one year policy term. *Id*.

Page 1

Innovative Concrete performed work as a concrete subcontractor for KB at various times and on various projects spanning multiple year periods. KB claims insured status as an additional insured on the Policy.

KB was sued in two lawsuits that have since been consolidated into a single action. The two lawsuits were styled: 1) *San Antonio Housing Authority v. Magi Realty, et al.*, Bexar County District Court Case No. 2007-CI-05258; and 2) *Arias, et al v. KB Home, et al*, Bexar County District Court Case No. 2009-CI-08711 (collectively the "Lawsuits"). The Lawsuits arose out of a residential housing development project in San Antonio, Texas, that began in 1999 and continued for roughly a decade thereafter. KB was the general contractor on the project which involved innumerable tradesmen and subcontractors from all aspects of the construction process including roofing, drywall, framing, electrical, foundations, concrete, plumbing, HVAC, and the like. KB and the subcontractors were sued in the Lawsuits for a multitude of alleged construction defects from the work performed by KB and the various trades.

The insurance contracts for each of the subcontractors all varied as they applied to different named insureds, had different classifications, policy years, policy provisions, policy conditions, and different policy exclusions that were specific to that policy's named insured, including the single policy for a one-year term issued by Indian Harbor to Innovative Concrete. Each unique policy has no effect on or relation to any of the other subcontractors or their policies.

KB subsequently began demanding a defense and indemnity from a multitude of subcontractors' insurers, including Indian Harbor. The Indian Harbor policy does not cover the claims asserted against KB because no resulting damage occurred or was alleged to have occurred during Indian Harbor's one policy year and because any otherwise covered claim is

excluded. For these reasons, Indian Harbor denied KB's demand for a defense and indemnity and filed its Original Complaint Seeking Declaratory Judgment on May 15, 2011. Indian Harbor seeks a determination from this Court that it has no coverage obligations for any claims asserted against KB in the Lawsuits with respect to the Indian Harbor policy.

On June 7, 2011, KB filed its Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(7) on the basis that the other insurers for all of the other subcontractors were necessary and indispensible parties to Indian Harbor's coverage dispute with KB. As discussed below, KB's motion should be denied because KB fails to meet its burden to support its motion to dismiss, and all necessary and indispensible parties have already been named in this suit. Moreover, KB's request to dismiss Indian Harbor's suit on the basis of forum shopping should be denied because it is not properly before the Court procedurally and it lacks merit substantively.

## II. Standard for Motion to Dismiss Pursuant to Rule 12(b)(7)

Federal Rule of Civil Procedure 12(b)(7) allows for dismissal of an action if a plaintiff fails to join a party under Federal Rule of Civil Procedure 19. Rule 19 requires joinder of certain parties if feasible unless joinder would defeat diversity jurisdiction. If joinder will threaten jurisdiction, the court must decide whether the party to be joined is indispensible. *Cornhill Ins. PLC v. Valsamis, Inc.*, 106 F.3d 80, 84 (5th Cir. 1997).

Analysis under Rule 12(b)(7) requires a two-part process. First, Rule 19(a) is applied to determine if the absent party is required to be joined if feasible. *United States v. Rutherford Oil Corp.*, No. G-08-0231, 2009 WL 1351794 at *1 (S.D. Tex. May 13, 2009) *citing HS Resources, Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003). Under Rule 19(a), the court should consider whether complete relief can be accorded among the parties in the case without joinder or whether

the nonjoined party claims an interest relating to the action and is situated such that disposing of the action in that party's absence may impair or impede its ability to protect that interest or leave the party subject to risk of multiple or inconsistent obligations. FED. R. CIV. P. 19(a); *Rutherford Oil Corp.*, 2009 WL 1351794 at *1. Specifically, Rule 19(a) provides as follows:

> **(a) Persons Required to be Joined if Feasible.**
> **(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:**
> **(A) in that person's absence, the court cannot accord complete relief among existing parties; or**
> **(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:**
> **(i) as a practical matter impair or impede the person's ability to protect the interest; or**
> **(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.**

FED. R. CIV. P. 19(a).

If the court determines that the nonjoined party is a required party under FED. R. CIV. P. 19(a)(1) and joinder is not feasible, the court must determine whether in equity and good conscience the action should proceed among the existing parties or be dismissed. FED. R. CIV. P. 19(b). In making this determination, the court considers (1) the extent to which a judgment in the party's absence may prejudice that party or the existing parties; (2) the extent to which the prejudice can be lessened or avoided by shaping the judgment; (3) whether judgment rendered in the required party's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. FED. R. CIV. P. 19(b); *Cornhill Ins.*, 106 F.3d at 84; *Rutherford Oil Corp.*, 2009 WL 1351794 at *1.

Rule 19(b) provides as follows:

> **(b) When Joinder Is Not Feasible.**
> **If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:**
> > **(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;**
> > **(2) the extent to which any prejudice could be lessened or avoided by:**
> > > **(A) protective provisions in the judgment;**
> > > **(B) shaping the relief; or**
> > > **(C) other measures;**
> > **(3) whether a judgment rendered in the person's absence would be adequate; and**
> > **(4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.**

FED. R. CIV. P. 19(b).

In ruling on a motion to dismiss for failure to join a required party, the court must take the complaint allegations as true. *Carder v. Continental Airlines, Inc.*, No. H-09-3173, 2009 WL 4342477 at *4 (S.D. Tex. Nov. 30, 2009) *quoting Rutherford Oil Corp.*, 2009 WL 1351794 at *2. The movant has the burden to show the party must be joined for just adjudication. *Id.*; *James v. Valvoline, Inc.*, 159 F.Supp.2d 544, 550 (S.D. Tex. 2001). The movant has the burden of producing evidence which shows the nature of the absent party's interest and that protection of that interest will be impaired or impeded without joinder of the absent party. *Carder*, 2009 WL 4342477 at *4 (S.D. Tex. Nov. 30, 2009) quoting *Rutherford Oil Corp.*, 2009 WL 1351794 at *2.

### III. Argument and Authorities

As shown below, KB's motion to dismiss must be denied because KB wholly fails to meet its burden by failing even to identify the purported indispensible parties and failing to

produce any evidence in support of its motion.  Second, the case law clearly establishes the other subcontractors' insurers are not required parties to this action, and KB otherwise fails to establish any of the requirements under Rule 19.  Finally, KB's argument regarding forum shopping and judicial economy is not properly before the court and lacks substantive merit.

**A.      KB fails to meet its burden under FED. R. CIV. P. 19.**

KB is not entitled to dismissal under Rule 12(b)(7) because KB has wholly failed to meet its burden under Fed. R. Civ. P. 19 in several key respects.  First, as an initial matter, KB fails even to <u>identify</u> the parties that it claims are indispensible to this action.  KB only argues "the nine other additional insuring carriers (for 11 subcontractor policies) included in KB's defense allocation should be joined in the action (the "non-joined carriers")."  See KB's Motion to Dismiss at Page 3.  KB also argues that several of the carriers "have headquarters in Connecticut which would therefore defeat diversity."  However, nowhere in its motion does KB identify who the other allegedly required or indispensable carriers are, much less which carriers it claims will defeat diversity.  KB's failure to identify the parties it seeks to join makes it impossible for the Court to evaluate the standards for joinder of required parties under Rule 19.  *Raytheon Co. v. Continental Cas. Co.*, 123 F.Supp.2d 22, 32 (D. Mass. 2000) (denying defendant's 12(b)(7) motion to dismiss on the basis that movant failed to identify the potential required parties).

Second, KB wholly fails to produce any of the <u>required evidence</u> to support its Rule 12(b)(7) motion.  As movant, KB bears the burden to produce evidence that (1) shows the nature of the absent party's interest and (2) that shows protection of that interest will be impaired or impeded without joinder of the absent party.  *Carder*, 2009 WL 4342477 at *4, *quoting Rutherford Oil Corp.*, 2009 WL 1351794 at *2.

KB has wholly failed to produce any evidence that there are <u>any</u> absent parties with an interest in the declaratory judgment action, much less any evidence to show the phantom party's interest will be impaired or impeded without joinder. Without evidence to support its position, the Court cannot conduct its required analysis, and KB's motion must be denied. *See Power Equities, Inc. v. Atlas Telecom Services-USA, Inc.*, No. 3:06-CV-1892-G, 2007 WL 43843 (N.D. Tex. Jan. 5, 2007) (denying defendant's 12(b)(7) motion where defendant failed to produce evidence that the unnamed parties could be joined in the suit, stating the defendant "has provided no evidence upon which the court can conduct the required Rule 19(b) analysis."). KB has offered nothing more than unsupported conclusory assertions and this is not <u>evidence</u> that can be considered in deciding its motion. Since KB has no evidence to support its motion, the motion to dismiss should be denied.

### 1. No other parties are required under Rule 19(a).

KB's motion fails under Rule 19(a) because all parties required to adjudicate this coverage action are already parties to this suit. The lawsuit that is before the Court is a simple coverage dispute between a single insurer and its insured to determine contractual obligations under an insurance contract. Only a single policy year is at issue. The policy provisions of any other carrier simply have no effect whatsoever on any contractual obligations between Indian Harbor and KB. Each of the other insurers' policies from which KB seeks coverage involves a different subcontractor from a different trade, with a different policy period and different policy provisions and exclusions. See Exhibit 1. The allegations regarding each subcontractor are different, the work performed by each subcontractor is different, and the alleged defect and extent of any alleged defect as to each subcontractor is different. See Exhibit 1. Yet KB claims this lawsuit should be dismissed because all of the other unnamed and unidentified insurers

should be joined in this action when they have no relation to each other or this coverage dispute between KB and Indian Harbor.

These issues were considered by the Fifth Circuit in *Cornhill Insurance PLC v. Valsamis, Inc.*, 106 F.3d 80. 84 (5th Cir. 1997). At issue on appeal was Judge Hittner's order denying a motion to dismiss for failure to join an indispensible party and refusing to dismiss the declaratory judgment action where a parallel state court suit had been filed. Like this case, *Cornhill* involved a declaratory judgment action to determine coverage under an insurance policy. The movant sought dismissal under Rule 12(b)(7) for failure to join, among other parties, the insurer of an umbrella carrier's underlying policies as an indispensible party. In upholding Judge Hittner's denial of the motion to dismiss, the Fifth Circuit stated, "The district court's decision rested solely on contractual language in the policies and those parties with an interest in the interpretation of that language were present in this action." *Id*.

As in *Cornhill*, all of the parties necessary to adjudicate coverage under the Indian Harbor policy are present in this action. The contractual language in the policy affects obligations between a single insured (KB) and a single insurer (Indian Harbor). See Exhibit 1A. The contract has no effect on the other unidentified subcontractors' insurers KB seeks to join. Therefore, complete relief can be accorded in this lawsuit in its current posture without joinder of any other party.

KB repeatedly makes the unsupported assertion that Indian Harbor "will seek contribution from the non-joined carriers should it lose its coverage position" and therefore will ultimately require the carriers to be joined in this matter. KB further asserts that by merely mentioning KB's continual demand for defense and indemnity under a multitude of subcontractor's insurance policies, Indian Harbor has "implicitly acknowledged" that the other

Page 8

insurers must be included in this action and it is because of such alleged implicit acknowledgement that complete relief cannot be accorded to the parties to this suit.

KB's assertions are not supported by the pleadings, case law, or the facts in this case and are simply wrong. Indian Harbor has not, either in this lawsuit or at any other time, ever asserted a claim against any party other than KB. Indian Harbor's declaratory complaint contains no claims or causes of action for contribution against any other insurers. KB's repeated assertion is pure speculation and is nothing more than a desperate attempt to fashion a colorable argument for dismissal when none exists. Indian Harbor did not join the other insurers because it is not seeking contribution from them and even if it elects to do so at some future date, a separate action to determine contribution and/or "other insurance" obligations between carriers is proper. *Selective Ins. Co. of South Carolina v. City of Paris*, No. 07-2224, 2008 WL 927956 (C.D. Ill Mar. 17, 2008) (other insurers were not required parties to declaratory judgment action because moving party failed to show the other insurers' interest in the outcome of the coverage action; potential rights of indemnity or contribution were not enough to make the other insurers indispensible). KB has failed to cite even one case that suggests otherwise.

Moreover, KB's motion should be dismissed because the requirements of Rule 19(1)(B) have not been met. First, disposition of this matter without joinder will not affect the interest of any absent party. Joinder under 19(a)(1)(B) is contingent upon the absent party actually <u>claiming</u> a legally-protected interest related to the litigation. *Canal Indemnity Co. v. Adair Homes, Inc.*, No. C09-5561 FDB, 2010 WL 55871 at *3 (W.D. Wash. Jan. 4, 2010) (district court did not err in holding joinder was unnecessary where absent insurers were likely aware of coverage action but had asserted no interest). Notably, no absent party has claimed an interest in this litigation or attempted to intervene, nor has KB attempted to implead any absent diverse

insurers must be included in this action and it is because of such alleged implicit acknowledgement that complete relief cannot be accorded to the parties to this suit.

KB's assertions are not supported by the pleadings, case law, or the facts in this case and are simply wrong. Indian Harbor has not, either in this lawsuit or at any other time, ever asserted a claim against any party other than KB. Indian Harbor's declaratory complaint contains no claims or causes of action for contribution against any other insurers. KB's repeated assertion is pure speculation and is nothing more than a desperate attempt to fashion a colorable argument for dismissal when none exists. Indian Harbor did not join the other insurers because it is not seeking contribution from them and even if it elects to do so at some future date, a separate action to determine contribution and/or "other insurance" obligations between carriers is proper. *Selective Ins. Co. of South Carolina v. City of Paris*, No. 07-2224, 2008 WL 927956 (C.D. Ill Mar. 17, 2008) (other insurers were not required parties to declaratory judgment action because moving party failed to show the other insurers' interest in the outcome of the coverage action; potential rights of indemnity or contribution were not enough to make the other insurers indispensible). KB has failed to cite even one case that suggests otherwise.

Moreover, KB's motion should be dismissed because the requirements of Rule 19(1)(B) have not been met. First, disposition of this matter without joinder will not affect the interest of any absent party. Joinder under 19(a)(1)(B) is contingent upon the absent party actually <u>claiming</u> a legally-protected interest related to the litigation. *Canal Indemnity Co. v. Adair Homes, Inc.*, No. C09-5561 FDB, 2010 WL 55871 at *3 (W.D. Wash. Jan. 4, 2010) (district court did not err in holding joinder was unnecessary where absent insurers were likely aware of coverage action but had asserted no interest). Notably, no absent party has claimed an interest in this litigation or attempted to intervene, nor has KB attempted to implead any absent diverse

party into the litigation. Whether or not the Indian Harbor policy provides coverage for KB has no bearing on whether or not any other subcontractor's insurance policy provides coverage for KB. There simply are no other parties that claim an interest to this litigation such that 19(a)(1)(B) would apply, nor does KB have any evidence of any entity that claims an interest.

KB's only argument in this regard is that the other subcontractors' insurers have an "interest" in the dispute because any judgment in Indian Harbor's favor would leave the other insurers liable for Indian Harbor's "share." This argument is nonsensical. If Indian Harbor obtains a determination in this case that there is no coverage for KB under its policy, then it <u>has no share</u> of KB's defense fees and costs. *The other carriers could never be responsible for paying a share "owed" by Indian Harbor if Indian Harbor's policy does not apply.* Again, the core issue of whether or not there is coverage under Indian Harbor's policy has no effect on the obligations of the carriers for the other subcontractors. Since KB has failed to meet its burden and since the law and the facts are completely contrary to KB's position, KB's motion to dismiss fails in its entirety and should be denied.

## 2. Absent insurers are not indispensible parties requiring dismissal under Rule 19(b)

Analysis under Rule 19(b) is not required in this case because KB failed to meet its burden to establish the existence of a required party under Rule 19(a), and the other subcontractors' insurers are not required parties to Indian Harbor's declaratory judgment action. However, even if they were required parties, KB would not be entitled to dismissal because KB fails to meet its burden under Rule 19(b).

First, it is impossible to determine whether any of the unidentified potential parties vaguely referenced by KB can or cannot be joined in this case. Although KB makes the

unsupported and conclusory statement that some of the other insurers are Connecticut entities and therefore destroys diversity, there is no evidence in the record to establish who these insurers are, whether they are required parties, and whether they are in fact Connecticut citizens.

Second, none of the factors under Rule 19(b) fall in favor of KB's motion to dismiss. KB argues that under 19(b)(1) the nonjoined parties would be prejudiced by a judgment in Indian Harbor's favor because they would be liable for Indian Harbor's "share" of defense fees and costs. As explained above, this argument is nonsensical. Any determination that there is no coverage for KB under the Indian Harbor policy necessarily means that Indian Harbor has no obligation to KB and thus <u>owes</u> <u>no</u> <u>share</u> of defense fees and costs as a matter of law. The fact that the other carriers may or may not have a share of their own is not relevant to this determination and a determination that Indian Harbor has no coverage obligations necessarily cannot constitute prejudice against any other insurer.

Next, KB argues under Rule 19(b)(2) that the "financial and procedural prejudices to Indian Harbor and KB" could not be lessened or avoided by protective provisions in the judgment, shaping the relief or other measures. KB does not identify these alleged financial or procedural prejudices. Indian Harbor, as the plaintiff and nonmovant in this suit, is clearly not subject to prejudice by declining to join the other insurers in this suit. KB's argument that Indian Harbor has prejudiced itself by failing to name other subcontractors' insurers as defendants is mistaken and presumptuous. To the extent KB is attempting to argue it is somehow prejudiced by litigating this suit, this has been fully addressed above. Indian Harbor has established that the other insurers are not required parties to this suit and therefore KB suffers no prejudice by their absence as parties.

Next, KB argues under Rule 19(b)(3) that a judgment in the absence of the non-joined insurers would constitute an "all-or-nothing" scenario for Indian Harbor because it "has no claims for contribution from its co-carriers," apparently suggesting that KB should be permitted to direct Indian Harbor's legal strategy in this case. Again, this argument is completely without merit. As the case law above establishes, it is clearly <u>not</u> required that an insurer's claim against other insurers for contribution or payment under "other insurance" provisions be asserted directly in the insurer's declaratory action against the insured, nor is it even proper. Rather, such actions are properly asserted as separate actions between the insurers. The only parties necessary to render a judgment regarding the interpretation of the insurance contract between KB and Indian Harbor are KB and Indian Harbor, and full relief can be accorded between these parties in this lawsuit. Therefore, there is no possibility of an inadequate judgment in the absence of any other subcontractor's insurer.

KB argues under Rule 19(b)(4) that Indian Harbor would have an adequate remedy if the action were dismissed for nonjoinder because it could be filed in Bexar County District Court. As more fully explained below, KB is wrong because the Bexar County District Court has no connection to the contractual dispute between KB and Indian Harbor.

KB also argues the other subcontractors' insurers should be joined for judicial efficiency. KB bases this argument on its false assertion that Indian Harbor is asserting or will assert a claim against other insurers for contribution. This argument has been addressed above, as Indian Harbor is not seeking contribution and even if it does so at some future time, the relevant case law states that a contribution or "other insurance" dispute between insurers is properly decided in a separate action from the insurer's declaratory judgment action against its insured.

In summary, <u>none</u> of the factors in Rule 19(b) support a dismissal in this case. *See Cornhill*, 106 F.3d at 84 (Rule 19(b) factors were not met in motion to dismiss based on failure to join an insurer in a coverage dispute); *Power Equities*, 2007 WL 43843 at *4 (Rule 19(b) factors could not be evaluated and were not met where movant failed to provide supporting evidence). For these reasons, KB's motion to dismiss should be denied.

**B.     Indian Harbor's Forum Selection is Proper**

KB essentially argues that it is somehow prejudiced by the fact that Indian Harbor filed the declaratory judgment action in the Southern District of Texas. In support of its position, KB argues Indian Harbor is forum shopping and is somehow offending the purposes of diversity jurisdiction by filing its lawsuit in federal court. KB's arguments fail both procedurally and substantively for several reasons.

As an initial matter, KB does not seek a transfer, removal, or dismissal on the basis of forum non conveniens, lack of diversity jurisdiction, or on any other basis as allowed under the Federal Rules of Civil Procedure. KB has not filed any proper motion to object to venue or jurisdiction. It does not assert that the jurisdictional and venue facts plead by Indian Harbor are incorrect. There is no rule invoked by KB or other motion filed by KB by which the Court can take any action regarding venue. In fact, by filing its motion to dismiss solely under Rule 12(b)(7), under the due order of pleadings rule, KB has now <u>waived</u> any objection to venue. Fed. R. Civ. P. 12(h).

Moreover, KB's only other suggested venue is in state court in Bexar County where a separate coverage action involving a different insurance company and a different policy is pending. The coverage action referenced by KB, *Essex Insurance Company v. KB Home, Inc., KB Home Lone Star*; Cause No. 2010-CI-13281 in the 408th Judicial District Court of Bexar

County, Texas, is wholly unrelated to Indian Harbor or its named insured, Innovative Concrete. It involves a different policy, issued to a different subcontractor (L&B Roofing), with a different policy period (November 21, 2003 to March 10, 2004). Under the case law cited above, these insurance coverage actions by different insurers would not be properly combined and, in fact, would prejudice Indian Harbor by denying it its valid choice of forum as the plaintiff in this lawsuit and forcing it to litigate its unique and specific coverage dispute within a wholly unrelated lawsuit.

Moreover, no act or omission between KB and Indian Harbor occurred in San Antonio; there is no nexus to San Antonio in this coverage dispute. For example, KB is a Texas corporation with its principal place of business in Los Angeles, California, not San Antonio. See Exhibit 1. Furthermore, the demand letters from KB's counsel have come from California, not San Antonio. See Exhibit 1. Indian Harbor is a North Dakota corporation with its principal place of business in Connecticut, not San Antonio. See Exhibit 1. KB's coverage demands asked Indian Harbor to pay funds to an account in California set up by KB for receipt of insurance proceeds. As these facts show, the coverage issues between Indian Harbor and KB have no connection to San Antonio and would not be properly joined to any existing coverage dispute, much less one pending in Bexar County involving another subcontractor's insurer.

Indian Harbor's declaratory judgment action is properly before the Court pursuant to 28 USC § 1332(a)(1) and 28 USC § 1391(a)(1) and (c). Indian Harbor has plead specific jurisdictional and venue facts supporting suit in this federal court. KB has not challenged these facts, nor has KB properly asserted any motion or evidence to prove otherwise. For these reasons, KB's motion to dismiss should be denied in its entirety.

## IV. Conclusion and Prayer

As established above, KB's motion to dismiss must be denied because KB wholly fails to establish its entitlement to dismissal under Rule 12 or Rule 19, and the applicable case law clearly shows that the other subcontractors' insurers are not required parties to Indian Harbor's declaratory judgment action. KB's additional arguments regarding forum shopping and judicial economy are not properly before the Court and jurisdiction and venue is proper in this federal court.

For these reasons, Plaintiff, Indian Harbor Insurance Company, requests that the Court deny Defendants' Motion to Dismiss in its entirety and grant Indian Harbor any other relief, in law or in equity, to which the Court deems it is justly entitled.

Respectfully submitted,

SAVRICK, SCHUMANN, JOHNSON,
MCGARR, KAMINSKI & SHIRLEY, L.L.P.

By:    s/ Gary N. Schumann
     Gary N. Schumann, Attorney-in-charge
     State Bar No. 17851930
     S.D. Tex. Bar No. 16415
     Camille Johnson
     State Bar No. 10686600
     S.D. Tex. Bar No. 16414
     Jessica Marcoux Hall
     State Bar No. 24046348
     S.D. Tex. Bar No. 581907
     Scott B. Herlihy
     State Bar No. 24002262
     S.D. Tex. Bar No. 22229
     4330 Gaines Ranch Loop, Suite 150
     Austin, Texas 78735
     Phone: (512) 347-1604
     Fax: (512) 347-1676

**ATTORNEYS FOR PLAINTIFF
INDIAN HARBOR INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

       I hereby certify that on the 27th day of June, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notification of such filing to the following:

Erik D. Buzzard
PALUMBO BERGSTROM LLP
17902 Von Karman Ave., Suite 500
Irvine, CA 92614

Robert Brown
DONATO, MINX, BROWN & POOL, P.C.
3200 Southwest Freeway, Suite 2300
Houston, Texas 77027

                                        s/ Gary N. Schumann
                                        Gary N. Schumann