IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| INDIAN HARBOR INSURANCE COMPANY | § § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 4:11-cv-1846 |
| KB LONE STAR, INC. F/K/A LONE STAR AND L.P. F/K/A KAUFMAN & BROAD LONE STAR, L.P. | § § § § § | |
| Defendants. | § § | |

## DEFENDANTS' MOTION FOR ABSTENTION AND REQUEST FOR HEARING

### I.   Factual Background

**A.   The Underlying Construction Defect Actions**

The underlying disputes involve claims of construction defects and resultant property damage at a 246 single-family home community located in San Antonio, Bexar County, Texas, known as "Mirasol." KB served as the general contractor for the construction of the Mirasol homes, which were built approximately between March 2000 and July 2001.[1] On January 18, 2000, KB and Innovative entered into a subcontract agreement which applied to Innovative's concrete work at Mirasol. Under the terms of the subcontract, KB was added as an additional insured to Innovative's commercial general liability policies.[2]

KB and its subcontractors, including Innovative, were sued by the underlying plaintiffs for alleged construction defects and property damage at the Mirasol homes in the matters styled

---

[1] See Exhibit "A" hereto, a true and correct copy of the January 18, 2000 subcontract between KB and Innovative Concrete, paragraph 3(g) at KB 0000001.
[2] *Id.*

1

*San Antonio Housing Authority v. Magi Realty, et al.,* Bexar County District Court Case No. 2007-CI-05258, filed on April 9, 2007 (hereinafter "the *SAHA* Action"); and *Arias, et al. v. KB Home, et al.,* Bexar County District Court Case No. 2009-CI-05175, filed on May 28, 2009 (hereinafter "the *Arias* Action"). The cases were consolidated for purposes of trial and in mid-2011, the parties reached a settlement.

**B.** **The Indian Harbor Policy and KB's Requests for Defense**

Indian Harbor issued a commercial general liability policy, effective October 18, 2000 to October 18, 2001 (hereinafter "Policy") to named insured Innovative Concrete (hereinafter "Innovative"), which Policy provides KB with insured status under an ISO form no. 2026 1185 "blanket" Additional Insured Endorsement (hereinafter "AIE"). The AIE provides coverage to KB Home as one of "all persons or organizations where required by written contract between such person or organization and the named insured."[3]

KB issued its tender on **August 28, 2007** which Indian Harbor acknowledged on **September 18, 2007**. Over the course of more than two years following its initial tender, KB continuously communicated with Innovative and/or Indian Harbor regarding its claims for coverage relative to the *SAHA* and *Arias* Actions.[4]

---

[3] See Exhibit "B" hereto, a true and correct copy of the Indian Harbor policy disclosed by Defendant in the Federal Court Action, identified by Bates nos. IHIC 1 to IHIC 40, at IHIC 19.

[4] See Exhibit "C" hereto, true and correct copies of correspondence between KB and Indian Harbor, for the period **August 28, 2007 to October 12, 2009**; specifically, letters dated **August 28, 2007** (from KB to Innovative and certain insurance representatives); **September 7, 2007** (from KB to Innovative and certain insurance representatives); **September 18, 2007** (from Indian Harbor's third-party claims administrator to KB); **October 9, 2007** (from KB to Indian Harbor's third-party claims administrator); **October 9, 2007** (from counsel for KB to Indian Harbor's third-party claims administrator); **October 22, 2007** (from Indian Harbor's third-party claims administrator to KB); **November 28, 2007** (from Indian Harbor's third-party claims administrator to KB); **January 8, 2008** (from counsel for KB to Indian Harbor's third-party claims administrator); **January 17, 2008** (from Indian Harbor's third-party claims administrator to counsel for KB); **January 17, 2008** (from Indian Harbor's third-party claims administrator to KB); **January 23, 2008** (from counsel for KB to Indian Harbor's third-party claims administrator); **July 30, 2008** (from counsel for KB to Indian Harbor's third-party claims administrator); **May 21, 2009** (from counsel for KB to Indian Harbor's third-party claims administrator); **June 17, 2009** (from counsel for KB to Indian Harbor's third-party claims administrator); **July 2, 2009** (from Indian Harbor's third-party claims

2

KB'S MOTION FOR ABSTENTION

Indian Harbor ultimately agreed to defend KB on **October 29, 2009** and moreover, promised to issue a defense payment at that time.[5] However, KB never received the promised defense payment and following KB's request for same,[6] on **March 30, 2010**, Indian Harbor again agreed to make a good faith payment toward KB's defense within two weeks of that date.[7]

Once again, Indian Harbor failed to issue a defense payment to KB. Instead, on **April 23, 2010,** counsel for Indian Harbor issued correspondence to KB setting forth numerous defenses to coverage.[8] On **May 14, 2010,** counsel for KB responded by providing counsel for Indian Harbor with facts and law to support KB's claim for coverage, together with a courtesy copy of a draft petition for declaratory judgment naming Indian Harbor as the defendant.[9] The petition was forwarded as one of KB's continuous good-faith efforts to resolve the dispute prior to commencing litigation. At that time, Indian Harbor was put on notice that KB intended to file this State Court Action in Bexar County, Texas, as that was the court clearly stated in the caption.

Following KB's notice to Indian Harbor of this State Court Action, numerous further communications ensued, wherein KB made every effort to resolve the coverage dispute with Indian Harbor outside of litigation. However, before KB filed the instant action in Bexar County, an event which was delayed by KB's ongoing good-faith efforts to resolve the dispute

---

[5] See Exhibit "D" hereto, a true and correct copy of email correspondence dated **October 29, 2009** from counsel for KB to the third-party administrator for Indian Harbor confirming its agreement to make a good-faith defense payment; and a true and correct copy of correspondence from the third-party administrator for Indian Harbor dated **December 7, 2009** providing a written agreement to participate in KB's defense.

[6] See Exhibit "E" hereto, a true and correct copy of correspondence dated **February 26, 2010** from counsel for KB to the third-party administrator for Indian Harbor providing information and requesting defense contribution.

[7] See Exhibit "F" hereto, a true and correct copy of correspondence dated **March 31, 2010** from counsel for KB to the third-party administrator for Indian Harbor confirming its March 30, 2010 agreement to make a good-faith defense payment.

[8] See Exhibit "G" hereto, a true and correct copy of correspondence dated **April 23, 2010** from counsel for Indian Harbor to counsel for KB setting forth defenses to coverage.

[9] See Exhibit "I" hereto, a true and correct copy of correspondence dated **May 14, 2010** from KB to counsel for Indian Harbor providing a courtesy, draft copy of the petition in this State Court Action.

with its carrier as reflected in the correspondence described herein above, Indian Harbor filed its action in federal court seeking a determination that it owes no obligation to KB.

C.     **Indian Harbor's Declaratory Relief Action in the Southern District**

After being put on notice of KB's intention to file a state court action, and despite the fact that the entire universe of events giving rise to the dispute between KB and Indian Harbor occurred in San Antonio, Bexar County—and that Bexar County lies in the ***Western*** Federal District—Indian Harbor chose to file an action in *federal* court, and in the ***Southern*** District.

On June 7, 2011, KB responded to Indian Harbor's complaint in the Federal Court Action with a Motion to Dismiss, (1) pursuant to Federal Rule of Civil Procedure 12(b)(7) (failure to join necessary parties);[10] and (2) based upon Indian Harbor's apparent "forum shopping" by selecting a federal judicial district which has ***absolutely no ties*** to the facts or circumstances of the dispute. ***The federal court has not yet issued a ruling on KB's initial motion to dismiss and the case***, while set for trial by the magistrate pursuant to the Federal Rules of Civil Procedure, ***is not yet "at issue"***.[11] KB has not been permitted to filed any counter claims in the Federal action.

Despite the foregoing, on September 2, 2011 Indian Harbor prematurely filed a Motion for Summary Judgment against KB (hereinafter "MSJ") in the Federal Court Action. Indian Harbor's motion was altogether untimely, yet Indian Harbor refused to provide KB with an extension to respond to the MSJ in order to conduct discovery until *after* KB filed a motion for an extension of time to respond under F.R.C.P. 56(d). KB's opposition to Indian Harbor's MSJ is currently due January 21, 2012.

---

[10] A federal action by Indian Harbor properly naming all of the responsible additional insuring carriers would not provide the federal court with diversity jurisdiction.
[11] KB has also filed a Motion to Vacate the Scheduling Order in the Federal Court Action since the case is not yet at issue. See Exhibit "K" hereto.

4

Consistent with the history of bad-faith conduct described above, Defendant's present motion is another example of tired strategy to employ legal gamesmanship as a means to defeat KB's claim for coverage. As KB will demonstrate herein below, Indian Harbor should not succeed on its motion to sever and dismiss KB's claims in the State Court Action; nor should KB's claims against Indian Harbor be held in abatement pending the outcome of the Federal Court Action. Rather, it is proper for Indian Harbor to remain as a defendant in this case as KB's claims for coverage have been made in this action.

D.  **This Court Should Abstain in Favor of Texas State Court**

On June 29, 2011, KB filed its own declaratory relief action in Texas State Court, Bexar County, seeking resolution of the same declaratory questions of Texas state law as pertaining to Indian Harbor and 12 other additional insured carriers on the San Antonio building project.[12] The state action seeks the same determination of duty to defend and of indemnification sought here by Indian Harbor, as well as damages for defense costs incurred by KB against all 13 carriers.

KB filed a 12(b)(7) motion in the present action on June 7, 2011. However, the court has not yet ruled on that motion. As such, KB's claims against Indian Harbor have only been made in the Bexar County action. KB therefore brings this motion for abstention on the grounds that its own declaratory relief action as to the same issues is currently pending in state court in Bexar County, Texas. Based upon federal precedent and judicial economy (and Indian Harbor's forum shopping), the court should exercise its power of abstention and either dismiss this action altogether, or issue a stay until the parallel state court matter is resolved given that the state court

---

[12] See Exhibit "F" hereto, a true and correct copy of KB's original Petition for Declaratory Judgment, filed June 29, 2011.

has authority to resolve all claims against all 13 carriers and the allocation of KB's damages between those carriers.

## II. Legal Argument

### A. The Court has Authority to Stay or Dismiss this Action

A district court is authorized, in the sound exercise of its discretion, to stay or dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close. "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton v. Seven Falls Co.* 515 U.S. 277, 288, 115 S.Ct. 2137, 2143 (1995). This doctrine precisely applies to the present case, as this action only involves issues of state law. When the relief sought is equitable or otherwise discretionary, **federal courts invoking abstention principles have discretion to either stay the action or decline jurisdiction altogether by dismissing the action** or, in removal cases, remanding it to state court. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 717-722, 116 S.Ct. 1712, 1721-1724 (1996) [emphasis added].

A stay is usually the "preferable course" because it assures that the federal action can proceed later, without the risk of a time bar, if for any reason the state court proceedings fail to resolve the matter. *Wilton v. Seven Falls Co., supra*, 515 U.S. at 288, 115 S.Ct. at 2143, fn. 2. Indian Harbor faces no jeopardy if the federal court exercises its right of abstention and stays the present matter until the state court matter is conclusively adjudicated. Once the state matter is concluded, if there are any legal questions left unresolved, Indian Harbor may ask this court to resume the present case.

B. **Factors Considered in Exercise of Discretion**

The goals for a district court to follow in deciding whether to exercise jurisdiction in a declaratory judgment action when a parallel action is pending in state courts are threefold, :

1) Proper allocation of decision-making between state and federal courts;

2) Fairness of a federal forum; and

3) Avoiding duplicative or piecemeal litigation.

*Sherwin-Williams Co. v. Holmes County* 343 F.3d 383, 390 (5th Cir. 2003). Each criteria is discussed below..

1. <u>Proper allocation of decision-making between state and federal courts</u>

The federal court must determine whether the federal suit presents a question distinct from issues raised in the state court proceeding; and whether comparable relief is available in both forums. If the federal declaratory relief suit raises only issues of state law and a state case involving the same state law issues is pending, the federal court should generally exercise its discretion to dismiss the federal suit. *Id.* citing *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 494 (4th Cir. 1998).There is no dispute that the present action rests solely on state law issues. Plaintiff brings the federal action on diversity grounds only, seeking declaratory judgment on issues of Texas state law. Moreover, the state court action currently pending in Bexar County involves the same litigants, and addresses the same issues pending in the federal case.

It should be noted, however, that the parties and issues need not identically match for abstention to be appropriate. Identity of issues is not essential; an overlap of factual questions between the two actions suffices. *Scottsdale Ins. Co. v. Detco Indus., Inc.* 426 F.3d 994, 997 (8th Cir. 2005). Nor is it essential that the parties be identical. Federal courts may decline declaratory relief jurisdiction even if one of the parties to the federal suit is not a party to the

state proceedings. It is enough that such party can be joined as a necessary party to the state proceedings or can intervene therein as a matter of right. *Polido v. State Farm Mut. Auto. Ins. Co.* 110 F.3d 1418, 1423 (9th Cir. 1997) (overruled on other grounds in *Government Employees Ins. Co. v. Dizol* 133 F.3d 1220 (9th Cir. 1998)). By this standard, there is clearly no basis for the federal court to proceed with the action at this time.

2. Fairness of a Federal Forum

A declaratory relief action may be dismissed where the court finds improper or abusive "forum shopping." To quote the *Sherwin-Williams* decision, "courts use pejorative terms such as 'forum shopping' or 'procedural fencing' to identify a narrower category of federal declaratory judgment lawsuits filed for reasons found improper and abusive, other than selecting a forum or anticipating related litigation." *Sherwin-Williams Co. v. Holmes County, supra,* 343 F.3d 383 at 390.

Indian Harbor was clearly doing more than merely "anticipating related litigation" when it filed the present action. With regards to its choice of jurisdiction and venue, Indian Harbor claims that it chose the southern district "because [KB] maintains a registered office in this district and division and some of its executive officers and directors maintain their offices in this district and division."[13] As defendants' parent company is one of the largest homebuilders in the United States, and Texas contains three of the ten largest U.S. cities by population, the same allegation could be made against KB in any of Texas' four judicial districts. Plaintiff deliberately chose to ignore that every fact and circumstance surrounding the underlying actions occurred in San Antonio, which lies in the Western District, that those underlying actions had already been litigated there, and that KB indicated its intent to file an action there. The only

---

[13] See Exhibit "E" hereto, a true and correct copy of Plaintiff Indian Harbor's Original Petition for Declaratory Judgment against KB, p. 2, ¶ 4.

explanation for Indian Harbor to have brought this action in the Southern District is to gain access to what it perceives as a more favorable jurisdiction. While the anticipatory filing of a federal action may not be in itself considered "forum shopping", the manner in which Indian Harbor filed its particular case certainly constitutes such behavior. Indian Harbor's preemptive filing in federal court – where no federal issue is present (and when the state court action was available to the parties), and in a venue where none of the relevant facts occurred – is the very definition of the term "forum shopping," and should not be allowed to stand in this case.

   3.   <u>Avoiding Duplicative or Piecemeal Litigation.</u>

According to the *Sherwin-Williams*:

> A federal district court should avoid duplicative or piecemeal litigation where possible. A federal court should be less inclined to hear a case if necessary parties are missing from the federal forum, because that leads to piecemeal litigation and duplication of effort in state and federal courts. Duplicative litigation may also raise federalism or comity concerns because of the potential for inconsistent state and federal court judgments, especially in cases involving state law issues. *Id.* at 391.

Duplicative litigation is more than likely to occur given that the same parties are litigating the same issues in two different jurisdictions. In addition, the state court action implicates additional parties to the same questions of law, meaning that if the state action were allowed to proceed as the primary case, Indian Harbor will obtain a more definitive and comprehensive ruling on theses issues, because the additional implicated parties in the state action will share in whatever determination of liability with Indian Harbor. If the court refuses to abstain in this case, Indian Harbor and KB will receive rulings which still must be resolved according to the actions by the other parties in state court. Judicial efficiency therefore demands this action be stayed.

C. **There is No Priority for a "First-Filed" Case**

There is no presumption that a state law declaratory relief action filed in federal court should have priority if filed before the parallel state court action. A court may decline to apply the usual "first-filed" rule where, for example, it is shown that forum-shopping alone motivated the choice of forum for the first suit (*Mann Mfg., Inc. v. Hortex, Inc.* 439 F.2d 403, 407 (5th Cir. 1971); *Mattel, Inc. v. Louis Marx & Co.*, 353 F.2d 421, 423-424 (2nd Cir. 1965)); or where the action first filed lacks proper venue *(Sutter Corp. v. P & P Industries, Inc.* 125 F.3d 914, 917-918 (5th Cir. 1997)). Similarly, equitable considerations may warrant dismissal of a declaratory judgment action filed in federal court, when that filing was in anticipation of a parallel state court action. *Manuel v. Convergys Corp.* 430 F.3d, 1132, 1137 (11th Cir. 2005); *Employers Ins. of Wausau v. News Corp.* 439 F.Supp.2d 328, 333-334 (SD NY 2006). Put another way, "(T)he fact that [the first filer] won the race to the courthouse by several days does not place it in a preferred position." *Huth v. Hartford* Ins. Co. of the Midwest 298 F.3d 800, 804 (9th Cir. 2002).

Federal court precedent holds that "declaratory relief abstention is not limited to cases in which parallel proceedings already exist in state court. The potential for such a proceeding may suffice--e.g., where an insurer anticipates that its insured will file a nonremovable state court action and 'rushes' to file a federal declaratory relief action in hopes of 'preempting' the state court proceeding. The federal case is still deemed 'reactive' to the state case and abstention is appropriate. *Maryland Cas. Co. v. Knight* 96 F.3d 1284, 1289 (9th Cir. 1996); *Government Employees Ins. Co. v. Dizol, supra*, 133 F.3d at 1224. This is precisely the circumstance in the present case, where Indian Harbor knew that it was one of several carriers being pursued for contribution under Texas law on an existing underlying case, and rushed to what it perceived to be a favorable forum in a preemptive bid to control jurisdiction. Further, Indian Harbor knew

that had KB filed first, it would not be able to remove the case to federal court because there would have been a lack of diversity between the parties to the KB action. Federal law does not favor such behavior, and case law is clear that this court can and should abstain from this action until the competing state court action is resolved.

## III. CONCLUSION AND REQUEST FOR HEARING

This court has the authority and discretion to abstain from this action in favor of the proper state court jurisdiction. In abstaining, it may dismiss the case outright, or merely stay the action pending resolution of the Bexar County case, which will bring certainty not only to Indian Harbor and KB, but to all additional insured carriers involved in the underlying litigation. Doing so will prevent piecemeal and inconsistent judgments among the carriers, and is clearly the most judicially-economical course. As such, defendant KB requests that the court abstain from this action and halt all activity, including discovery, in this case.

Due to the urgency of the question before this court, defendants request that the court set oral argument for this motion, to allow the parties to be heard and this question to be settled in an expeditious manner.

///
///
///
///
///
///
///

WHEREFORE, Defendant KB requests relief as follows:

1. For an order either:

    A. Dismissing the present action; OR, IN THE ALTERNATIVE

    B. Staying the present action in its entirety pending further order of the court;

2. for all other relief as the court deems just and proper.

Respectfully Submitted,

DATED: November 7th, 2011

By /s/ Erik D. Buzzard
ERIK D. BUZZARD
*ATTORNEY-IN-CHARGE*
Texas State Bar No. 24067954
Southern District Bar No. 1171053
PALUMBO BERGSTROM LLP
17901 Von Karman Ave., Suite 500
Irvine, CA 92614
Telephone: (877) 882-1979
Facsimile: (877) 251-1331
**ATTORNEYS FOR DEFENDANTS KB HOME Lone Star Inc., KB HOME Lone Star L.P., KB Lone Star, Inc., Lone Star, L.P., and Kaufman & Broad Lone Star, L.P.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of November, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notification of such filing to the following:

Gary N. Schumann, Esq.
Camille Johnson, Esq.
Jessica Marcoux Hall, Esq.
Scott B. Herlihy, Esq.
SAVRICK, SCHUMANN, JOHNSON,
MCGARR, KAMINSKI & SHIRLEY, LLP
4330 Gaines Ranch Loop, Suite 150
Austin, Texas 78735
*Attorneys for Plaintiff*
*Indian Harbor Insurance Company*

/s/ Erik D. Buzzard
Erik D. Buzzard