**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **INDIAN HARBOR INSURANCE** | § | |
| **COMPANY** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:11-cv-1846** |
| | § | |
| **KB LONE STAR, INC. F/K/A** | § | |
| **LONE STAR L.P. F/K/A KAUFMAN** | § | |
| **& BROAD LONE STAR, L.P.** | § | |
| **Defendants.** | § | |

<u>**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR ABSTENTION**</u>

TO THE HONORABLE MELINDA HARMON, UNITED STATES DISTRICT JUDGE:

Plaintiff, Indian Harbor Insurance Company (Indian Harbor), files this Response to Defendants' Motion for Abstention, and in opposition to the motion would show the Court as follows:

**I.
The Present Lawsuit**

This lawsuit involves a coverage action between Indian Harbor and KB Lone Star, Inc. f/k/a Lone Star L.P. f/k/a Kaufman & Broad Lone Star, L.P. (collectively "KB").  KB was sued in an underlying case for failing to build a subdivision according to contract and for delivering substandard homes.  At issue in the present coverage action is whether Indian Harbor owes a defense cost reimbursement to KB for the legal fees it incurred in defending the underlying lawsuit, and whether the lawyers representing KB were in such a serious conflict position that their fees are not subject to payment.

For the reasons discussed in Indian Harbor's Motion for Summary Judgment already on file, there is absolutely no coverage obligation owed by Indian Harbor to KB.  As one Southern

District Court recently analyzed, where a construction lawsuit arises entirely out of the builder's failure to construct what was promised, and for having delivered a substandard product, there is simply no coverage under a liability policy.  See *Ewing Construction Co., Inc. v. Amerisure Insurance Company*; No. C-10-256, 2011 WL 1627047 (S.D. Tex. April 28, 2011). In other words, this Court does not have to "reinvent the wheel" in doing its coverage analysis, because the court in *Ewing* has already drafted an opinion, on identical facts, that this Court could simply adopt verbatim.

Also at issue in the present lawsuit is whether the legal fees incurred by KB's attorneys were "reasonable" fees that would be subject to reimbursement, even assuming coverage existed. Indian Harbor will demonstrate that KB's attorneys were in such a conflict position that the right to recover legal fees is barred as a matter of law.

However, rather than responding to these issues on the merits, KB has recently filed a motion to ask this Court to abstain from further activity in this case, in favor of a state district court lawsuit later filed by KB.  For the reasons discussed below, KB's Motion to Abstain should be denied.

## II.
### Indian Harbor Properly Invoked the Diversity Jurisdiction of this Court and Both Venue and Jurisdiction are Proper Before this Court

Indian Harbor properly invoked the jurisdiction of this court and pled proper venue facts which have not been challenged by KB.  KB did not challenge Indian Harbor's venue facts because they are true and accurate and not subject to challenge.  KB did not file any 12(b)(1), 12(b)(2), nor 12(b)(3) motion and, under the Federal due order of pleading rules, any complaint that KB might have regarding the venue of this action is waived.  Although KB voraciously tries to argue that Indian Harbor engaged in forum shopping, the attorneys representing the parties in

this case are from Austin, Texas and Irvine, California, respectively.  Demand for coverage was made from California, and demand was made that insurance proceeds be forwarded to a trust in California.  The underlying case giving rise to the present coverage action is concluded and settled.  The location of a concluded underlying case is immaterial to the venue of an independent coverage action.  The plaintiff is allowed to choose its forum where venue and jurisdiction are otherwise proper.

## III.
### The Purpose of Diversity Jurisdiction Would be Defeated if the Motion to Abstain Were Granted

KB has asked this court to abstain in favor of the state district court action that KB filed <u>after</u> KB had already appeared in the present action.  However, KB ignores the fact that the present case is properly before the federal court on diversity grounds and that if this Court were to abstain in favor of the San Antonio district court case, the entire purpose of diversity jurisdiction would be defeated.  In the present lawsuit, Indian Harbor calls into question the ethical obligation of KB's state court defense counsel who was providing representation in a conflict situation.  Indian Harbor has designated Tom Prehoditch as its expert who has produced a report that details the circumstances and consequences of the local attorney conflict.  A copy of his report is attached hereto as Exhibit "A."

Rather than have this federal court review the conduct of KB's San Antonio counsel, KB's attorneys are desperately trying to have these issues placed before the state courts in which they practice.  The odds that Indian Harbor, an out-of-state insurance company, would have a wholly impartial hearing in such circumstances, is of great practical concern to Indian Harbor.  Diversity jurisdiction exists to provide a "neutral" forum in cases where one or more of the parties is a citizen of another state; **and to protect against local prejudice in state courts.**  *J.A.*

*Olson Co. v. City of Winona*, Miss. 818 F.2d 401, 404 (5th Cir. 1987).  KB should not be allowed to deny Indian Harbor its constitutional right to diversity jurisdiction to avoid local prejudice without a substantial justification to do so.  In this case, no sufficient justification has been provided to deny Indian Harbor such constitutional right.

### IV.
### KB Unreasonably Delayed in Requesting an Abstention

The present federal action was filed on May 13, 2011.  In this federal action, the parties have exchanged their disclosures and have negotiated a scheduling order.  The discovery cut-off in this case is just two months away and there is a trial setting.  Indian Harbor has already filed its fully dispositive summary judgment motion.  Pursuant to the Scheduling Order, Indian Harbor has already obtained and produced its expert report (copy attached).  However, it was not until November 7, 2011, practically **half a year** after the present lawsuit was filed, that KB asked that this Court abstain this case in favor of the state court action.  But, in the state court action, there has been absolutely no activity.  There is no scheduling order, no trial setting, and nothing has happened to advance that case.  The courts have consistently instructed that when deciding whether to exercise jurisdiction under the Declaratory Judgment Act, the court must, "balance concerns of judicial administration, comity, and fairness to the litigants."  *Chamberlain v. Allstate Insurance Co*., 931 F.2d 1361, 1367 (9th Cir. 1991)(where federal court retained jurisdiction despite a competing state court action).

It would be entirely unfair to Indian Harbor in the present case for the Court to abstain the present action, which is so far advanced, in favor of a later-filed state court action where no activity has occurred.  Such abstention would be a waste of judicial administration rather in furtherance of judicial administration.

**V.**
## Unique Claims Exist in the Present Federal Action
## Which are not Present in the Later-Filed State Action

The Indian Harbor policy was issued to a single KB sub-contractor for a single policy year (policy term October 2000 – October 2001).  In its later-filed competing state action, KB has sued multiple other carriers for different coverages spanning a decade of policy years, for the actions of over a dozen other sub-contractors, and on matters that have nothing to do with Indian Harbor.  Candidly stated, KB's later-filed state court action is a morass and legal tar-pit.  It would be wholly unfair to Indian Harbor to have to participate in KB's multifarious state court action when Indian Harbor's present, wholly dispositive, federal case could so easily be determined.  Judicial economy and fairness speak against abating Indian Harbor's federal action.

Further, in the federal action, Indian Harbor has raised an issue unique to Indian Harbor and its primary insured.  In its federal lawsuit, Indian Harbor pleads as follows:

> Pleading in the further alternative, Indian Harbor has learned that Langley Banack, the law firm that provided KB its defense, is in a non-waivable conflict situation.  The firm had previously represented Innovative in a lawsuit filed in Kendall County, Texas, involving claims by KB against Innovative Construction.  The lawsuit was not dismissed until July 10, 2009, after the Lawsuits had been filed.  The same Langley Banack firm also represented Innovative in a bankruptcy in which KB's claims were listed.  This same Langley Banack firm failed to obtain discharge of KB's claims against Innovative in the bankruptcy action and instead began representing KB in pursuing the claims against its own client.   Legal fees incurred in such a conflict situation are inherently not subject to payment or collection, are not "reasonably incurred" as a matter of law, and cannot be sued for, nor subject to reimbursement.  Accordingly, KB or those acting by or through it cannot seek payment for defense costs that it itself is under no obligation to pay Langley Banack.

The above-quoted allegations constitute an entirely stand-alone issue, independent of any issue contained in the declaratory cause of action plead by KB in the state court action and resolution of the state court action would not resolve the conflict-of-counsel issues presently

before the federal court.  A risk of piecemeal resolution of claims speaks against abstention. Further, the conflict claims that exist only in the pending federal court action are not merely hypothetical or immaterial but are the entire subject of Indian Harbor's retained expert's testimony and report (attached).

## VI.
### The Factors Cited by KB in Its Briefing All Speak in Favor of this Court Retaining Jurisdiction

Indian Harbor agrees with KB's briefing in its Motion to Abstain, that abstention is largely within the discretion of the trial court.  However, there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases, specifically. *Government Employees Insurance Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1997).  "We know of no authority for the proposition that an insurer is barred from invoking diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage."  *Id.*

Further, Indian Harbor also generally agrees with KB's briefing on the factors that the Court must consider when determining whether to abstain; however, Indian Harbor argues that such factors speak in favor of this Court retaining jurisdiction.

### A.  Proper Allocation of Decision-Making

As stated above, the facts of the present case are exactly identical to the facts before the Southern District in *Ewing Construction Co., Inc. v. Amerisure Insurance Company*; No. C-10-256, 2011 WL 1627047 (S.D. Tex. April 28, 2011).  In other words, the federal judges in the Southern District have already analyzed the coverage issues presented herein, and this Court is uniquely qualified to rule on the present facts before it.  Unlike the state district court action, where there has been no activity and the San Antonio judges are on a rotating docket, the issues presented are uniquely amenable to federal court resolution.  And although state law is at issue,

there is a large body of federal common law that has been established as detailed in *Ewing* to apply in the present coverage action before this court.  In other words, the federal common law has more advanced the coverage issues before this Court than have been advanced in any state court opinions.  For this reason, the proper allocation of decision-making justifies this Court's retention of the case.

**B.  Fairness of Federal Forum**

KB argues that San Antonio is the "fairer" forum.  KB admits in its Motion that KB "is one of the largest homebuilders in the United States."  KB is a sophisticated litigant that is familiar and capable of litigating in any jurisdiction.  Indeed, its counsel of record in the present case is before the Court out of Irvine, California, and service of all pleadings and disclosures in this matter are being made to Irvine, California.  The demand for insurance coverage was made out of California and payment was demanded to a trust KB established in California.   As discussed above, the potential prejudice that Indian Harbor might face if this case were filed in San Antonio, where Indian Harbor is questioning the actions of local well-connected attorneys, speaks to this federal court, hearing this case in diversity, as being the fairer forum.  If anybody is forum shopping, it is KB in its efforts to file a subsequent lawsuit and its request to abstain **<u>six months after this federal litigation has advanced</u>**.

**C.  Avoiding Duplicative or Piecemeal Litigation.**

There is already a summary judgment motion pending before this court.  The summary judgment motion seeks a ruling that Indian Harbor owed no coverage obligation to KB.  A ruling in Indian Harbor's favor on this motion terminates any further litigation between the parties.  There would be no piecemeal litigation as the state court would give deference to such ruling.

**VII.**
**Prayer**

For these reasons, Plaintiff Indian Harbor Insurance Company prays that the Court deny

KB's Motion for Abstention and grant such other and further relief to which it may show itself

entitled.

Respectfully submitted,

SAVRICK, SCHUMANN, JOHNSON,
MCGARR, KAMINSKI & SHIRLEY, L.L.P.

By:    s/ Gary N. Schumann
       Gary N. Schumann, Attorney-in-charge
       State Bar No. 17851930
       S.D. Tex. Bar No. 16415
       Camille Johnson
       State Bar No. 10686600
       S.D. Tex. Bar No. 16414
       Jessica Marcoux Hall
       State Bar No. 24046348
       S.D. Tex. Bar No. 581907
       Scott B. Herlihy
       State Bar No. 24002262
       S.D. Tex. Bar No. 22229
       4330 Gaines Ranch Loop, Suite 150
       Austin, Texas 78735
       Phone: (512) 347-1604
       Fax: (512) 347-1676

**ATTORNEYS FOR PLAINTIFF**
**INDIAN HARBOR INSURANCE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 28th day of November, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notification of such filing to the following:

Erik D. Buzzard
PALUMBO BERGSTROM LLP
17902 Von Karman Ave., Suite 500
Irvine, CA 92614

        s/ Gary N. Schumann
        Gary N. Schumann