IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

INDIAN HARBOR INSURANCE COMPANY, §
                                 §
            Plaintiff,            §
                                 §
VS.                              §   CIVIL ACTION H-11-CV-1846
                                 §
KB LONE STAR, INC. f/k/a LONE    §
STAR, L.P. f/k/a KAUFMAN & BROAD §
LONE STAR, L.P.,                 §
                                 §
            Defendant.           §

## OPINION AND ORDER

Pending before the Court in the above referenced declaratory judgment action seeking a determination of Plaintiff Indian Harbor Insurance Company's rights, status, and obligations owed to Defendants under a liability insurance policy ("the policy")[1] issued to their subcontractor, Innovative Concrete Construction ("Innovative"), is Defendants KB Home Lone Star, Inc., KB Home Lone Star L.P., KB Lone Star, Inc., Lone Star, L.P., and Kaufman & Broad Lone Star, L.P.'s (collectively, "KB's") motion to dismiss (instrument #6) pursuant to Federal Rule of Civil Procedure 12(b)(7)(failure to join a party under Rule 19) and for improper forum shopping.

### Standard of Review

Federal Rule of Civil Procedure 12(b)(7) permits dismissal for

---

[1] A copy of the policy is attached as Ex. 1A to #7.

failure to join an indispensable party under Federal Rule of Civil Procedure 19. *HS Res., Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003). It "allows for both the joinder of parties who should be present in order to have a 'fair and complete resolution of the dispute,' and for the dismissal of lawsuits 'that should not proceed in the absence of parties that cannot be joined.'" *Dore Energy Corp. v. Prospective Inv. & Trading Co. Ltd.*, 570 F.3d 219, 230-31 (5th Cir. 2009), *citing HS Res., Inc. v. Wingate*, 327 F.3d at 438. Rule 19 sets out a two-step inquiry: whether a party should be added under the requirements of Rule 19(a) and whether litigation can properly proceed without the absent party under the requirements of Rule 19(b). *August v. Boyd Gaming Corp.*, 135 Fed. Appx. 731, 732 (5th Cir. June 22, 2005).

A "Rule 12(b)(7) motion will not be granted because of a vague possibility that persons who are not parties may have an interest in the action. In general, dismissal is warranted only when the defect is serious and cannot be cured." 5A Charles Alan Wright, *et al.,* Federal Practice and Procedure § 1359 (2d ed. 1990). The decision whether to dismiss a case for failure to join an indispensable party first requires the court, in a highly practical, "fact-based endeavor," to determine whether the party meets the requirements of Federal Rule of Civil Procedure 19(a). *Hood ex rel. Mississippi v. City of Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir. 2009). Under Rule 19(a)(1), the party must be joined

if it is subject to process, its joinder does not deprive the Court

of subject matter jurisdiction, and if

>     (A) in the person's absence, the court cannot accord
>     complete relief among existing parties; or (B) that
>     person claims an interest relating to the subject of the
>     action and is so situated that disposing of the action in
>     the person's absence may:   (i) as a practical matter
>     impair or impede the person's ability to protect the
>     interest; or (ii) leave an existing party subject to a
>     substantial risk of incurring double, multiple, or
>     otherwise inconsistent obligations because of the
>     interest.

*Hood*, 570 F.3d at 628.

     If joinder would destroy the jurisdiction of the court, the

court must next decide under Rule 19(b) if the absent party is

indispensable.  *Hood ex rel. Miss. v. City of Memphis, Tenn.*, 570

F.3d 625, 628-29 (5th Cir. 2009).  Rule 19(b) sets out the factors

for the court to consider in determining if it is feasible to join

that necessary party:

>     (1) the extent to which a judgment rendered in the
>     person's absence might prejudice that person or the
>     existing parties;
>     (2) the extent to which any prejudice could be lessened
>     or avoided by:
>          (A) protective provisions in the judgment;
>          (B) shaping the relief; or
>          (C) other measures;
>     (3) whether a judgment rendered in the person's absence
>     would be adequate; and
>     (4) whether the plaintiff would have an adequate remedy
>     if the action were dismissed for nonjoinder.

*Id., quoting* Rule 19(b).  If the absent party should be joined

under Rule 19(a), but suit cannot proceed without that party under

19(b) because it is indispensable, the case must be dismissed.

*August*, 135 Fed. Appx. at 732. "The threat of multiple litigation will not make a party indispensable, but the threat of inconsistent obligations will." *Cornhill Insurance PLC v. Valsamis, Inc.*, 106 F.3d 80, 84 (5th Cir.), *cert denied*, 522 U.S. 518 (1997). If the party is not indispensable, the case can proceed without joining an additional party or parties. *Hood*, 570 F.3d at 629.

The proper inquiry in weighing these factors is "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." *Id.* at 633, *quoting* Rule 19(b).

For the joinder analysis, the Court takes the allegations in the complaint as true. *Abbott v. BP Exploration and Production Inc.*, 781 F. Supp. 2d 453, 460 (S.D. Tex. 2011); *Bonilla v. America's Servicing Co.*, Civ. A. No. H-11-1974, 2011 WL 3882280, *3 (S.D. Tex. Sept. 2, 2011). If evidence or additional briefing is needed to permit the court to make an informed decision, but is not presented, the court should not grant a motion to dismiss under Rule 12(b)(7). *Turner v. Pavlicek*, 2011 WL 4458757, *8-9 (S.D. Tex. Sept. 22, 2011)("Without evidence in the record, this court cannot guess as to whether the parties may be required parties under Rule 19(b)."), *citing Pickle v. Int'l Oilfield Divers, Inc.*, 791 F.2d 1237, 1242 (5th Cir. 1986), *cert. denied*, 479 U.S. 1059 (1987). For the movant to show the nature of the unprotected interests of the absent parties and the possibility of injury to

them or that the parties before the court will be disadvantaged by
the absence of the nonjoined parties, the movant may need to submit
"affidavits of persons having knowledge of these interests as well
as other relevant extra-pleading evidence.  The district judge is
not limited to the pleadings." 5A Charles Alan Wright, *Federal
Practice* §1359.    *See Power Equities, Inc. v. Atlas Telecom
Services-USA, Inc.*, Civ. A. No. 3:06-CV-1892-G, 2007 WL 43843, *4
(N.D. Tex. Jan. 5 2007)(denying movant/defendant's Rule 12(b)(7)
motion because defendant failed to name any person or entity that
should be joined to the action and "defendant has provided no
evidence that these unnamed parties could, or could not, be joined
in the suit and thus has provided no evidence upon which the court
can conduct the required Rule 19(b) analysis").

  The party seeking the joinder bears the initial burden of
demonstrating that the person is necessary.  *Hood,* 570 F.3d at 628;
*Carder v. Continental Airlines, Inc.*, No. H-09-3173, 2009 WL
4342477, *4 (S.D. Tex. No. H-09-3173, 2009 WL 4342477, *4 (S.D.
Tex. Nov. 30, 2009)(The movant bears the burden of producing
evidence which shows the nature of the absent party's interest and
that protection of that interest will be impaired or impeded
without joinder of that party).   After "'an initial appraisal of
the facts indicates that a possibly necessary party is absent, the
burden of disputing this initial appraisal falls on the party who
opposes joinder.'"  *Hood,* 570 F.3d at 628, *citing Pulitzer-Polster*

*v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 2006).

Because a dismissal under Rule 12(b)(7) is not one on the merits, it is without prejudice.  5A Wright & Miller § 1359.

### KB's Motion to Dismiss (#6)

KB explains that Innovative performed work as a concrete subcontractor for KB, a general contractor, at various times and on different projects over multiple years.  Plaintiff recites that KB has been sued in two state court lawsuits for construction defects in a project called Mirasol Homes, in San Antonio, Texas:  *San Antonio Housing Authority v. Magi Realty, et al.,* Bexar County District Court, Case No. 2007-CI-05258, and *Arias, et al. v. KB Home, et al.*, Bexar County District Court, Case No. 2009-CI-08711 (collectively, "lawsuits").  The lawsuits, *inter alia*, asserted that KB and its subcontractors, including Innovative, negligently built homes and delivered homes in substandard condition.  The two suits were consolidated into one for trial.

Indian Harbor had issued a liability insurance policy to Innovative for a single-year term, October 18, 2000 to October 18, 2001.  The policy contained an ISO form 2026 1185 additional insured endorsement naming all organizations "where required by contract."  Indian Harbor and KB entered into multiple contracts with Innovative that required Innovative to name KB as an additional insured on all applicable policies, including from 2000-2002.  KB asserts that it is entitled to a defense and to indemnity

because it was an additional insured under the policy issued to Innovative and because the subcontractor agreements between KB and Innovative obligated Indian Harbor to provide coverage to KB as an additional insured.  Indian Harbor seeks a declaration that it owes no duty to defend or indemnify KB for claims against it in the underlying lawsuits.

KB tendered its defense to the lawsuits to Indian Harbor on or about August 28, 2007.  Indian Harbor had earlier confirmed its participation in KB's defense and offered to make a good faith payment, but on April 23, 2010 KB received a letter from Indian Harbor's coverage counsel stating several defenses to coverage. The parties have since had extensive communications with coverage counsel to defeat Indian Harbor's defenses to coverage.  Indian Harbor has changed its position, seeks to withdraw coverage, and seeks a declaration that it does not owe KB a defense and that nine other additional insuring carriers, for eleven subcontractor policies, included in KB's defense allocation, should be joined in this action since Indian Harbor will seek contribution from these carriers if they lose their coverage position.  KB emphasizes that some of these carriers have headquarters in Connecticut and their joinder would defeat diversity jurisdiction.[2]

---

[2] Indian Harbor is a North Dakota corporation with its principal place of business in Connecticut.  KB is a Texas corporation doing business in Texas.  Complaint (#1) at 1.  KB's principal place of business is in Los Angeles, California.  #7 at 14 and Ex. 1 thereto at 3.

KB also charges Indian Harbor with forum shopping in filing this action in the Southern District of Texas (1) when all the events giving rise to this and the underlying lawsuits occurred in San Antonio (Bexar County) and thus the cause of action arose in San Antonio, (2) KB's office is in San Antonio, and (3) coverage is largely dependent on allegations in these underlying lawsuits.  In addition, a separate declaratory judgment action, *Essex Ins. Co. v. KB Home, Inc.*, Cause No. 2010-CI-13281, 408th Judicial District Court, Bexar County, Texas, was filed on August 13, 2010 by a different carrier, also involving a coverage dispute over the same damages (the defense fees and costs sought by KB), and is currently venued in the state District Court for Bexar County.  Thus Bexar District Court is a more appropriate forum for this dispute, insists KB.

In sum, because (1) these carriers are potentially liable for contribution to Indian Harbor, (2) some have headquarters in Connecticut and would defeat jurisdiction in this federal court, (3) the damages at issue here arose out of the Bexar County lawsuits, (4) the cause of action arose in Bexar County, and (5) coverage is derivative of these Bexar County lawsuits,  KB urges that this matter should be heard in the Bexar County state district court.  Thus this Court should dismiss the instant action.

KB argues that since Indian Harbor seeks a declaration that it does not owe KB a defense and will seek contribution from the non-

joined carriers if it loses its coverage position, Indian Harbor will ultimately require the carriers to be joined in this matter, and without joinder, the Court cannot provide Indian Harbor with "complete relief."

Moreover, if it is determined that Indian Harbor is not obligated for the damages incurred in KB's defense, then the non-joined carriers would be prejudiced because they could likely be liable for what otherwise would be Indian Harbor's "share" of KB's defense fees and costs.

If it is determined that Indian Harbor owed a defense obligation to KB, Indian Harbor's argument that it owes less than a whole defense because most of the costs incurred by KB were for wholly independent and separate claims that are segregable[3] and for which there is no defense of coverage obligation, there might be additional, perhaps duplicative, lawsuits because of diversity problems.  KB insists that the financial and procedural prejudices

---

[3] KB maintains that Texas law does not recognize the claim that a carrier could owe less than a complete defense if a defense is owed.  *Trinity Universal Ins. Co. v. Employers Mut. Cas. Co.*, 592 F.3d 687, 695 (5th Cir. 2010)(recognizing "the uniform holdings of Texas courts that if even a single claim in a lawsuit potentially falls within an insurance policy's coverage, the insurer has a duty to provide a *complete* defense"); *Indian Harbor Ins. Co. v. Valley Forge Ins. Group*, 535 F.3d 359, 363 (5th Cir. 2008)("courts must 'resolve all doubts regarding th duty to defend in favor of the duty'"; under Texas law "'[w]hen an insurer has a duty to defend, even where 'a claim falls partially within and partially outside of a coverage period, the insurer's duty is to provide its insured with a *complete defense*.'"

to Indian Harbor and KB cannot be relieved by protective provisions.

The absence of non-joined carriers could result in an "all or nothing" end for Indian Harbor because it has no claims for contribution from its co-carriers.

Finally Indian Harbor has an adequate remedy in Bexar County District Court, so dismissal of this suit would not prejudice Indian Harbor. Moreover judicial efficiency would be served by such a dismissal.

As for forum shopping, Texas courts have recognized that important public policy considerations exist against it. *See, e.g., Reliant Energy, Inc. v. Gonzalez*, 102 S.W. 3d 868, 875 (Tex. App.--Houston [1st Dist.] 2003), *aff'd*, 159 S.W. 3d 615 (Tex. 2005). KB asserts that the only reason for Indian Harbor to choose this forum is to prejudice KB. The issues are state issues. Plaintiff's selection of the Southern District of Texas prejudices KB substantively.

## Plaintiff's Response (#7)

Plaintiff states that KB was the general contractor on a construction project on which numerous tradesmen and subcontractors worked on various jobs including roofing, drywall, framing, electrical, foundations, concrete, plumbing, HVAC, etc. The San Antonio suits against KB and the subcontractors were for a multitude of alleged construction defects. The insurance contracts

for the different subcontractors were different because they were issued by different carriers, applied to different named insureds, and had different classifications, coverage years, policy provisions, and exclusions. "Each unique policy has no effect on or retaliation to any of the other subcontractors or their policies." #7 at 2. After the lawsuits were filed, KB began demanding a defense and indemnity from a variety of insurance carriers of the subcontractors, including from Indian Harbor.

Plaintiff asserts that the Indian Harbor policy (#7, Ex. 1A) does not cover the claims asserted against KB in the San Antonio lawsuits because no resulting damage occurred nor was alleged by pleadings in the San Antonio lawsuits to have occurred during Indian Harbor's one policy year and because any otherwise covered claim is excluded. Therefore Indian Harbor denied KB's demand for a defense and for indemnity and filed the instant declaratory judgment action seeking a judicial determination that it had no overage obligations for any claims asserted against KB in the lawsuits with respect to the Indian Harbor policy.

Plaintiff contends that KB's motion to dismiss on the grounds that all of the other subcontractors and carriers are necessary and indispensable parties to this coverage dispute should be denied because (1) KB failed to meet its burden of proof and all necessary and indispensable parties have already been named in this action and (2) because KB's request to dismiss this suit for forum

shopping is not properly before the Court procedurally and lacks merit substantively.

KB fails to meet its burden of proof because it fails even to identify or name the purported indispensable parties, no less present any evidence in support of its motion.  Furthermore case law clearly establishes that the other subcontractors' insurers are not required parties to this action and KB fails to establish any of the requirements of Rule 19.  KB also conclusorily asserts that several of the carriers have headquarters in Connecticut and their joinder would defeat diversity jurisdiction.  KB never identifies who these carriers are or which would, if joined, defeat diversity. This failure makes it impossible for the Court to evaluate the standards of joinder of required parties under Rule 19.  Nor does KB satisfy its burden of proof under Rule 12(b)(7) to produce evidence that shows the nature of each absent party's interest and that protection of that interest will be impaired or impeded without joinder of the absent party. *Carder*, 2009 WL 4242477, at *4, *quoting Rutherford Oil*, 2009 WL 135`784, at *2.  Without evidence, the Court cannot conduct the joinder analysis. *Power Equities*, 2007 WL 43843, at *4.  KB has offered only conclusory assertions, so the motion should be denied.

Plaintiff maintains that no other parties are required.  This is a simple dispute over coverage between one insurer and its insured to determine obligations under an insurance contract that

-12-

covered only one year.  The policy provisions of any other carriers have no effect on the contractual obligations between Indian Harbor and KB.  Each of the other insurers' policies from which KB seeks coverage involves a different subcontractor from a different trade with a different policy period and different provisions and exclusions.  #7, Exhibit 1 (Declaration of Gary N. Schumann, attorney of record for Indian Harbor).  The allegations about each subcontractor are different, the work performed by each is different, and the alleged defect and the extent of any alleged defect to each subcontractor is different. *Id.*  KB seeks dismissal of this suit on the grounds that all of the other unnamed and unidentified insurers should be joined here when they have no relation to each other or to the coverage dispute between KB and Indian Harbor.  Indian Harbor cites *Cornhill Ins. PLC v. Valsamis, Inc.*,106 F.3d 80 (1997), *cert. denied*, 522 U.S. 818 (1997), in which the Fifth Circuit affirmed the district court's denial of a motion to dismiss for failure to join as indispensable where the district court's decision "rested solely on contractual language in the policies and those parties with an interest in the interpretation of that language were present in this action." *Id.* at 84.  Indian Harbor insists that here, as in *Cornhill*, the policy's language deals only with obligations between a single insured, KB, and a single insurer, Indian Harbor, and has no effect on the other unidentified subcontractors' insurers that KB seeks to

join.   Indian Harbor has not, either in this lawsuit or at any other time, asserted claims against any party except KB nor claims or causes of action for contribution against any other insurers. Indeed it characterizes KB's assertions as "pure speculation," "a desperate attempt to fashion a colorable argument for dismissal when none exists.   Even if Indian Harbor should decide in the future to seek contribution from other insurers, a separate action to determine contribution and/or other insurance obligations between carriers is proper.   Thus complete relief can be accorded here without joinder of any other parties.

Indian Harbor maintains that KB has failed to satisfy the requirements of Rule 19(a)(1)(B).   First, it insists that this matter can be resolved without joinder because it will not affect the interest of any absent party because no absent party has claimed an interest in this litigation or attempted to intervene, nor has KB attempted to implead any diverse party.   Joinder under Rule 19(a)(1)(B) is contingent upon the absent party actually claiming a legally protected interest related to the litigation. *Canal Indemnity Co. v. Adair Homes, Inc.*, No. CO9-5561 FDB, 2010 WL 55871, *3 (W.D. Wash. Jan. 4, 2010)(district court did not err in holding joinder was unnecessary where absent insurers were likely aware of coverage action but chose not to assert their interest).

Indian Harbor calls "nonsensical" KB's argument that the other subcontractors' insurers  have an interest in the dispute because

-14-

any judgment in Indian Harbor's favor would leave the other insurers liable for Indian Harbor's "share."  If it is determined that Indian Harbor is not liable for coverage for KB under its policy, then it has no share of KB's defense fees and costs; the other carriers cannot be responsible for paying Indian Harbor's "share" if Indian Harbor's policy does not apply.  The core question of whether there is coverage under Indian Harbor's policy has no effect on the obligations for the carriers for other subcontractors.

The Court need not perform the analysis under Rule 19(b) because KB failed to meet its burden of proof to establish the existence of a required party under Rule 19(a) and because the other subcontractors' insurers are not required parties to this declaratory judgment action.  Even if they were required parties, KB fails to meet its burden under Rule 19(b).  Not only are the other insurers not named, but KB fails to support its conclusory statement that some of them are Connecticut residents that would destroy diversity.  Second, none of the factors under Rule 19(b) favor KB's motion to dismiss.  As noted, its argument that the nonjoined parties would be prejudiced by a judgment in Indian Harbor's favor because they would be liable for Indian Harbor's share of defense fees and costs is absurd:  any decision that there is no coverage for KB under the Indian Harbor policy means that Indian Harbor has no obligation to KB and owes no share of its

defense fees and costs as a matter of law. As for Rule 19(b)(2), KB fails to identify any alleged financial and procedural prejudices. Indian Harbor has shown that the other insurers are not required parties to this suit and thus KB suffers no prejudice by their absence.  As for Rule 19(b)(3) that a judgment in their absence is an "all-or-nothing" scenario for Indian Harbor, Indian Harbor points to the case law showing that claims for contribution or payment under other insurance provisions need not be raised in a declaratory judgment action, but are properly pursued in separate actions between insurers.  KB and Indian Harbor are the only parties necessary to render a judgment about the interpretation of the insurance contract between the two of them.  Finally, regarding Rule 19(b)(4), Indian Harbor would not have an adequate remedy in Bexar County District Court if this action were dismissed because the Bexar County District Court has no connection to the contractual dispute between KB and Indian Harbor.

KB's plea for judicial efficiency fails because KB falsely asserts that Indian Harbor is or will be asserting a claim against other insurers for contribution.  Not only is Indian Harbor not seeking contribution, but if it chooses to do so in the future, the case law shows that such a dispute is properly decided in a separate action from the insurer's declaratory judgment action against its insured.

Indian Harbor insists that its forum selection is proper.  It

points out that KB does not seek a transfer, removal or dismissal on the basis of *forum nonconveniens*, nor has it filed a motion to object to venue or jurisdiction.   KB does not claim that the jurisdictional and venue facts pled by Indian Harbor are incorrect. Instead by filing its motion to dismiss solely under Rule 12(b)(7), under Federal Rule of Civil Procedure 12(h) KB has waived any objection to venue.   The only other venue suggested by KB is the state court in Bexar County, where the separate coverage action involving a different insurance company, a different policy, and a different policy period is pending and which has no relationship to Indian Harbor or its insured, Innovative.   No act or omission between KB and Indian Harbor occurred in San Antonio and there is no nexus to San Antonio in this coverage dispute.   Indian Harbor as plaintiff has a right to choose its forum if the venue is proper.

### Court's Decision

After reviewing the parties' briefs and the applicable law, the Court concurs with Indian Harbor that KB has not met its burden of proof.   As noted, a "Rule 12(b)(7) motion will not be granted because of a vague possibility that persons who are not parties may have an interest in the action."   5A Charles Alan Wright, *et al.,* Federal Practice and Procedure § 1359.   Indian Harbor is correct in pointing out that KB fails to name the purportedly necessary-party carriers of the subcontractors, no less to demonstrate how their policies would affect contractual obligations between Indian Harbor

and KB.[4]   KB also fails to identify the vaguely referenced Connecticut-resident companies that would purportedly destroy diversity if joined in this action, no less explain why their joinder is required.  Indeed, KB fails to allege with any factual specificity that any absent party claims an interest in this litigation that will be impaired or impeded without joinder.  Nor does KB indicate how the Indian Harbor policy in dispute covers any claim against KB that resulted in damages during the policy period, a necessity if Indian Harbor is to be found liable.  KB has not submitted any evidence to support its contentions.  This Court is not permitted to guess whether the subcontractors' carriers are necessary parties here.

Moreover, although KB argues that these carriers should be joined because Indian Harbor might seek contribution from them, Indian Harbor is correct that it can do so in a separate suit if it is found liable.  *See, e.g., Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 412 (3d Cir. 1993)(Although Federal Rule of Civil Procedure 14 "permits a party who claims a right of contribution or indemnity from third persons to protect itself from potentially inconsistent verdicts by impleading the absent party . . . , it is not required to do so; and if it does

---

[4] "In the context of multiple concurrent insurance, contribution is only appropriate where the policies insure the same entities, the same interests in the same property, and the same risks."  15 *Couch on Insurance* § 218:3 (3d ed., database updated Nov. 2011).

not, its right to bring a separate action for contribution or indemnity is unaffected."). "A defendant's right to contribution or indemnity from an absent non-diverse party does not render that absentee indispensable pursuant to Rule 19." *Bank of America National Trust and Savings Assoc. v. Hotel Rittenhouse Associates*, 844 F.2d 1050, 1054 (3d Cir. 1988); *in accord, Pasco Int'l (London) Ltd. v. Stenograph Corp.*, 637 F.2d 496, 503 (7th Cir. 1980)("[P]otential indemnitors have never been considered indispensable parties, or even parties whose joinder is required if feasible."). Complete relief can be accorded here without joinder of the other carriers.

Furthermore, in addition to Indian Harbor's arguments that there is no nexus between its insurance policy and San Antonio, with respect to both the joinder issue and the forum shopping issue the parties' later submissions indicate that the San Antonio lawsuits have settled.

Finally the improper forum shopping charge appears to be specious in light of KB's failure to file a motion to object to venue or jurisdiction. Indian Harbor, moreover, has pleaded facts showing that venue is proper in this district.

Accordingly, the Court

ORDERS that KB's motion to dismiss (#6) pursuant to Federal Rule of Civil Procedure 12(b)(7)(failure to join a party under Rule

19) and for improper forum shopping is DENIED.

**SIGNED** at Houston, Texas, this __27th__ day of __March__, 2012.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE