```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION

INDIAN HARBOR INSURANCE COMPANY, §
                                 §
          Plaintiff,             §
                                 §
VS.                              §    CIVIL ACTION H-11-CV-1846
                                 §
KB LONE STAR, INC. f/k/a LONE    §
STAR, L.P. f/k/a KAUFMAN & BROAD §
LONE STAR, L.P.,                 §
                                 §
          Defendant.             §
```

## OPINION AND ORDER

Pending before the Court in the above referenced declaratory judgment action seeking a determination of Plaintiff Indian Harbor Insurance Company's ("Indian Harbor's") rights, status, and obligations regarding defense and indemnification in two underlying lawsuits for Defendants KB Home Lone Star, Inc., KB Home Lone Star L.P., KB Lone Star, Inc., Lone Star, L.P., and Kaufman & Broad Lone Star, L.P. (collectively, "KB") under a liability insurance policy ("the policy")[1] issued to their subcontractor, Innovative Concrete Construction ("Innovative"), is *inter alia* KB's motion for abstention and request for hearing (instrument #20).

---

[1] A copy of the policy is attached as Ex. 1A to #7.

KB was an "additional insured" to Innovative's commercial general liability policy[2] for a one-year term of October 18, 2000 through October 18, 2001, issued by Indian Harbor, and served as the general contractor for the construction of a 246 single-family home community, known as Mirasol, in San Antonio, Bexar County, Texas. In two underlying suits, which were consolidated for trial, KB and Innovative were sued for alleged construction defects and property damage at the Mirasol homes. *San Antonio Housing Authority v. Magi Realty, et al.,* Bexar County District Court Case No. 2007-CI-05258, filed on April 9, 2007 ("the *SAHA* action"), and *Arias, et al. v. KB Home, et al.*, Bexar County District Court Case Ni. 2009-CI-05175, filed on May 28, 2009 ("the *Arias* action"). In mid-2011, the parties reached a settlement.

### KB's Motion for Abstention

KB represents that after it tendered its defense of the underlying suits, Indian Harbor twice agreed to defend KB in the underlying suits, but never did so. Then on April 23, 2010, Indian Harbor, in correspondence, set out numerous defenses to coverage. On May 14, 2010, still making a good faith effort to resolve the coverage dispute, KB's attorney responded, provided facts and law to support KB's claim for coverage, and sent a courtesy copy of a draft petition for a declaratory judgment naming Indian Harbor as

---

[2] Indian Harbor's complaint states that "Innovative did work as a concrete subcontractor for KB at various times and on various projects spanning multiple year periods." #1, ¶ 6.

-2-

the defendant that KB intended to file in state court in Bexar County (as indicated in the caption).  On May 13, 2011 Indian Harbor filed this action in federal court seeking a determination that it owes no obligation to KB and followed it with what KB calls a "premature" motion for summary judgment.  On June 29, 2011, approximately six weeks after the instant action was filed in this Court, KB filed its own declaratory judgment action in state court in Bexar County seeking resolution of the same declaratory questions of Texas state law regarding Indian Harbor in addition to twelve other additional insured carriers on the Mirasol project, i.e., a determination of its duty to defend and duty of indemnification previously sought by Indian Harbor here, as well as damages for defense costs incurred by KB against all 13 carriers.[3]  In its motion, KB asks this Court to abstain in favor of KB's State Court declaratory judgment action in Bexar County or to stay this action until the parallel state court case is resolved.  KB argues that federal precedent and judicial economy support its request.  It further maintains that often the preferable course is to stay this action because a stay assures that the federal action can go forward subsequently, without risk of a time bar, if for any reason

---

[3] At the time KB filed the motion for abstention, the Court had not issued its order denying a motion dismiss and thus KB relies in part on its since rejected argument in that motion that Indian Harbor was forum shopping in filing in the federal district court in the Southern District of Texas.

the state court fails to resolve the dispute. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 n.2 (1995).

KB argues that Indian Harbor "anticipated" litigation and "forum shopped" when it filed this suit. Indian Harbor's Petition for Declaratory Judgment states that it maintains a registered office in this district and division and that some of its executive officers and directors have offices here. KB points out that KB is one of the largest homebuilders in the United States, while Texas has three of the United States' largest cities by population and the same allegations could be made in any of Texas' four judicial districts. More significant, KB contends that Indian Harbor disregards the fact that the underlying actions occurred in and were litigated in San Antonio in the Western District and that KB had indicated its intent to file an action there. KB argues that duplicative litigation is more than likely to occur if this Court does not abstain. In addition, the state court suit implicates additional parties with regard to the same questions of law, so permitting the state court action to proceed will yield a more definitive and comprehensive ruling on these questions because these other parties will be bound by the state court's determination of liability. Thus a stay would serve judicial efficiency.

KB argues that there is no presumption that a state law declaratory relief act filed in federal court should have priority

because it was filed before the parallel state court action. A court may decline to apply the "first-filed" rule where it is shown that the forum for the first suit was motivated solely by forum shopping. *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971); *Mattel, Inc. v. Louis Marx & Co.*, 353 F.2d 431, 423-24 (2d Cir, 1965). It further contends that equitable concerns may support dismissal of a declaratory judgment filed in anticipation of a parallel state court action. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1137 (11th Cir. 2005). Here Indian Harbor knew that it was one of several carriers being pursued for contribution in an existing underlying case under Texas law and rushed to what Indian Harbor viewed as a favorable forum in a preemptive bid to control jurisdiction. Indian Harbor also knew that if KB filed first, Indian Harbor would not be able to remove the case to federal court because there would not be diversity among the parties.

### Indian Harbor's Response (#20)

Noting that KB never filed a Rule 12(b)(1), 12(b)2), or 12(b)(3) motion to challenge Indian Harbor's venue choice, and thus waived such a challenge, Indian Harbor emphasizes that the purpose of diversity jurisdiction, i.e., to provide a neutral forum and to protect the out-of state party from local prejudice, would be defeated if the Court were to abstain. It points out that its action not only addresses defense cost reimbursement for legal fees incurred in defending the underlying suits, but it also raises the

question whether the lawyers representing KB were in a serious conflict-of-counsel that resulted in their fees not being subject to payment, a claim not at issue in the state court action. Indian Harbor suggests it might face potential prejudice in San Antonio because it is "questioning the actions of local well-connected attorneys." Moreover, the risk of piecemeal litigation works against abstention.

Indian Harbor also highlights KB's "unreasonable delay" in seeking abstention. Its motion was filed six months after this action was commenced. Moreover, the parties here are involved in discovery under a negotiated scheduling order, and trial is set in September 2012. In contrast, at the time the response was filed (11/28/11), there had been no activity in the state court action, so abstention would not serve judicial economy.

In the state court action KB has sued numerous other carriers for different coverages spanning a decade of policy years and involving over a dozen other subcontractors on matters that are unrelated to Indian Harbor. Indian Harbor argues that it would be unfair to it to litigate in the state court case when this dispositive federal action could be easily determined.

### Relevant Law and Its Application

The Declaratory Judgment Act, 28 U.S.C. § 2201(a) provides, "In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate

pleading, may declare the rights and other legal relations of any interested party seeking such declaration." It "is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). "This Act 'has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants.'" *AXA Re Property & Casualty Co. v. Day*, 162 Fed. App'x 316, 319 (5th Cir. Jan. 11, 2006), *citing Wilton v. Seven Falls Co.*, 515 U.S. at 286. "'In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.'" *Id., citing id., citing Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491, 495 (1942)(A federal district court may decline to decide a declaratory judgment action where it would be "uneconomical as well as vexatious for a federal court to proceed . . . where another suit is pending in a state court presenting the same issues . . . between the same parties.").[4]

---

[4] When a federal suit seeks only declaratory relief, as is the case here, *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942)(holding that where a federal declaratory judgment suit and a state court suit "present[] the same issues, not governed by federal law, between the same parties," the federal court should decline to hear the declaratory judgment action if "the questions in controversy between the parties to the federal suit can be better settled in the proceeding pending in state court"), applies, and the federal court may stay the suit in favor of state court litigation if, after consideration of several factors discussed *infra*, the court determines that the suit would be better handled

In *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000), the Fifth Circuit set out three steps for a federal district court to follow in determining whether to decide or to dismiss a declaratory judgment: (1) whether the declaratory judgment action is justiciable (whether there is an actual and immediate controversy); 2) whether the court has the authority to grant declaratory relief (subject matter jurisdiction and whether the Anti-Injunction Act, 28 U.S.C. § 2283, applies); and (3) whether to exercise its discretion to decide or dismiss the action. To be justiciable under the first step, the issue is "'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interest, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *AXA Re Property & Cas. Ins.*, 162 Fed. App'x at 319, *quoting Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941). A court does not have authority to decide the merits of a declaratory judgment action (second step of *Orix Credit Alliance*) when (1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issues as those in federal court; and (3) the district

---

by the state court. *Sherwin-Williams v. Holmes County*, 343 F.3d 383, 389 (5th Cir. 2003). If the suit seeks monetary or other relief, the "narrowly prescribed," stricter standard in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), (requiring "exceptional circumstances" to find that a stay is permissible). *American Guarantee & Liability Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 251 (5th Cir. 2005).

court is barred from enjoining the state proceedings under § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."). *Sherwin-Williams v. Holmes County*, 343 F.3d 383, 387 & n.1 (5th Cir. 2003), *citing Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993).  Here an actual controversy exists between the parties having adverse legal interests over coverage under the policy

    Here there is no dispute that the Court has diversity jurisdiction over this action.  This Court also has the authority to decide this action because it was filed by Indian Harbor **before** the state court action was filed by KB.  Thus the key issue here is whether the court should exercise its discretion to abstain.

    The Fifth Circuit employs seven, nonexclusive factors, known as the "*Trejo* factors," for the court's consideration in deciding whether to decide or to dismiss a declaratory judgment action:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
> (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
> (3) whether the plaintiff engaged in forum shopping in bringing the suit;
> (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exists;
> (5) whether the federal court is a convenient forum for the parties and witnesses;

> (6) whether retaining the lawsuit would serve the purposes of judicial economy; and
> (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the sam parties is pending.

*Sherwin-Williams*, 343 F.3d at 388, *citing St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1995). It is an abuse of discretion for a district court not to address and weigh these factors on the record. *Trejo*, 39 F.3d at 590.

"The *Trejo* factors reflect three concerns: federalism, fairness, and efficiency." *Great Lakes Reinsurance (UK) PLC v. H.T. & Associates, Inc.*, Civ. A. No. 09-3532, 2010 WL 2639878, *2 (S.D. Tex. June 28, 2010).

The first and last *Trejo* factors relate to federalism concerns. *Id., citing Trejo,* 39 F.3d at 390-91. The first causes the court to examine comity and efficiency. *Id., citing id.* If the federal action asserts only state law issues and the state case involves the same state-law issues, usually the state court should decide the case and the federal court should exercise its discretion and dismiss its action. *Id*. Here the issues are governed purely by Texas state law. Nevertheless the Bexar County state court action includes many more parties, contracts, carriers, and issues and does not focus on this specific dispute. While Indian Harbor has noted that this case has progressed far more than the state court declaratory judgment action, the latter necessarily will take a much longer time to resolve. The resolution of this

more restricted and focused action support's the Declaratory Judgment Act's goals of efficiency and judicial economy.

KB has not shown that this forum is prejudicial to it in any way other than the Bexar County state court suit involves many other parties, different insurance policies, and necessarily different issues, so it could resolve them all together. Nevertheless most of these are not relevant to the dispute between Indian Harbor and KB. On the other hand, the conflict of counsel issue is not included in KB's declaratory action suit and thus would result in piecemeal rulings. The Court finds that deciding the declaratory judgment here would be judicially economical and efficient. Judicial economy involves "avoidance of duplicative or piecemeal litigation where possible." *Sherwin-Williams*, 343 F.3d at 390-91.

The second, third and fourth factors relate to fairness concerns. "'[M]erely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of state court litigation, is not in itself improper anticipatory litigation or otherwise abusive 'forum shopping,''"; filing any suit involves forum selection, so the focus should be on whether the federal plaintiff is attempting to gain an unfair advantage. *Great Lakes*, 2010 WL 263,9878 at *3, *citing Sherwin-Williams*, 343 F.3d at 391. The *Great Lakes* district court found that because state and federal judges regularly construe contracts and apply

local laws, the fairness concerns are largely neutral, but it found that this factor tilted slightly in favor of abstention. *Id.*

The Court finds no evidence of abusive forum selection or anticipatory forum shopping here. Moreover KB has not asserted, no less shown, that this federal forum is prejudicial to it. Indian Harbor, the out-of-state party, is a North Dakota corporation with its principal place of business in Connecticut, while KB is a Texas corporation doing business in Texas. KB's counsel is located in California. As stated in *AXA Re Property & Casualty*, 162 Fed. App'x at 321, "[T]he fact that federal forums are sought by some [plaintiffs] in an attempt to avoid the state court system does not necessarily demonstrate impermissible forum selection when the declaratory judgment out-of-state plaintiff invokes diversity. Rather it states the traditional justification for diversity jurisdiction, to protect out of state defendants." *Id., citing Sherwin-Williams*, 343 F.3d at 399. Impermissible forum selection is more likely "where the federal action would change the applicable law." *Id., citing id.* at 397, 399. Here, Texas law applies regardless of the forum. This Court is obviously very familiar with Texas law and applies it regularly. Moreover Indian Harbor has a constitutional right to invoke diversity jurisdiction and has raised a credible issue in charging that an alleged conflict among Texas lawyers in the underlying suits might preclude

payment of fees and might subject an out-of-state plaintiff to local prejudice in state court.

The fifth and sixth *Trejo* factors relate to efficiency. The geographic distance between Harris County and Bexar County is minimal with regard to convenience of parties and witnesses and does not favor either forum. The focus in this forum on the specific dispute between Indian Harbor and KB should promote efficiency. The comparative progress of this action compared with that in the state court also supports the Court's retaining and ruling on this litigation.

The seventh factor is inapplicable here as there is no state judicial decree to construe.[5]

After considering all these factors, the Court finds that they weigh substantially in favor of the Court's retaining and ruling on this declaratory judgment. Accordingly, the Court

ORDERS that KB's motion for abstention or stay is DENIED.

---

[5] In a Supplement (#35), KB also argues that this case is analogous to *Ewing Construction Co., Inc. v. Amerisure Insurance Company*, Civ. A. No., ___ F. Supp. 2d ___, C-10-256, 2011 WL 1627047 (S.D. Tex. April 28, 2011), which provides further grounds for abstention. The Court notes that *Ewing Construction* was recently affirmed in part, vacated in part, and remanded, ___ F.3d __, No. 11-40512, 2012 WL 2161134 (5th Cir. June 15, 2012). Because that case is largely concerned with the merits of the suit, the Court does not address it with regard to the abstention question.

**SIGNED** at Houston, Texas, this  10th  day of July , 2012.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE