IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

INDIAN HARBOR INSURANCE COMPANY, §
§
             Plaintiff, §
§
VS. §  CIVIL ACTION H-11-CV-1846
§
KB LONE STAR, INC. f/k/a LONE §
STAR, L.P. f/k/a KAUFMAN & BROAD§
LONE STAR, L.P., §
§
             Defendant. §

**OPINION AND ORDER**

Pending before the Court in the above referenced declaratory judgment action seeking a determination of Plaintiff Indian Harbor Insurance Company's ("Indian Harbor's") rights, status, and obligations regarding defense and indemnification in two underlying lawsuits for Defendants KB Home Lone Star, Inc., KB Home Lone Star L.P., KB Lone Star, Inc., Lone Star, L.P., and Kaufman & Broad Lone Star, L.P. (collectively, "KB") under a liability insurance policy ("the policy") issued to their subcontractor, Innovative Concrete Construction ("Innovative"), is *inter alia* KB's opposed request for judicial notice pursuant to Fed. R. Evid. 201 of twenty-four pleadings filed in three different lawsuits, copies attached (#28).

**Relevant Law**

Federal Rule of Evidence 201(b) allows the Court to take judicial notice only of an adjudicative fact "not subject to reasonable dispute in that it is either (1) generally known within

-1-

the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Furthermore, Rule 201(g) states, "In a civil action or proceeding, the court shall instruct the jury to accept as conclusive any fact judicially noticed." "A fact that has been judicially noticed is not subject to dispute by the opposing party." *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 831 (5th Cir. 1988)("Since the effect of taking judicial notice under 201 is to preclude a party from introducing contrary evidence and in effect, directing a verdict against him as to the fact noticed, the fact must be one that only an unreasonable person would insist on disputing.").

In *Taylor Charter Medical Corp.*, 162 F.3d 827, 829-30 (5th Cir. 1998)(citations omitted), the Fifth Circuit joined the Second and Eleventh Circuit Courts of Appeals in ruling that a court may take judicial notice of a "document filed in another court . . . to establish the fact of such litigation and related filings,' but not of the factual findings of another court because those do not constitute facts "not subject to reasonable dispute within the meaning of Rule 201" and because to do so merely because a fact had been found to be true in some other action would make the doctrine of collateral estoppel superfluous. A court may take judicial notice of an order of another court only for the limited purpose of recognizing the judicial act that the order represents. *Id.* at

831; *Colonial Leasing Co.*, 762 F.2d at 759.   *See also Kay v. Lone Star Fund v. (U.S.), L.P.*, 453 B.R. 645, 664-65 (N.D. Tex. 2011)("When a court takes judicial notice of public documents or documents from another court, it may only take notice of the undisputed facts therein, which do not include the 'facts' asserted in various affidavits and depositions.").

The issue here in this action disputing insurance coverage, however, is not the truth of the alleged facts.  Whether an insurer owes its insured a duty to defend is a question of law. *Continental Casualty Co. v. American Safety Cas. Ins.*, 365 S.W. 3d 165, 169 (Tex. App.--Houston [14th Dist.] Feb. 16, 2012).   To determine whether the insurer owes its insured a duty to defend, the court must look solely at the allegations in the pleadings of the underlying lawsuit in light of the policy provisions, regardless of the truth of the allegations.  *Id., citing Trinity Universal Ins. Co. v. Cowan*, 945 S.W. 2d 819, 821 (Tex. 1997).   It must accept the facts pleaded as true for the purpose of determining coverage.  *Id.*  The insurer has a duty to defend only those cases within coverage of the policy.   *Id., citing Fid. & Guar. Ins. Underwriters, inc. v. McManus*, 633 S.W. 2d 787, 788 (Tex. 1982).  The insured has no duty to look beyond the policy and the pleadings under the eight corners rule in determining whether to defend th suit.  *Id., citing Nat'l Union Fire Co. of Pittsburgh v. Merchs. Fast Motor Lines, Inc.*, 939 S.W. 2d 139, 141 (Tex.

1997).  The court must construe the pleadings liberally in favor of the insured, but the interpretation must be fair and reasonable. *Id.*  "'The duty to defend is not affected by facts ascertained before the suit, developed in the process of litigation, or by the ultimate outcome of the suit.'" *Id., citing Trinity Universal Ins.*, 945 S.W. 2d at 829.  If the petition alleges only facts for which coverage under the policy would be excluded, the insurer has no duty to defend the lawsuit.  *Id., citing McManus*, 633 S.W. 2d at 788.  When deciding whether the insurer has a duty to defend, the court "may not read facts into the pleadings, look outside the pleadings, or imagine factual scenarios that might trigger coverage." *Id., citing Nat'l Union Fire Ins.*, 939 S.W. 2d at 142. If the factual allegations in the petition are insufficient to bring the case clearly within or without the coverage terms or if the petition is ambiguous, generally the insurer has a duty to defend if there is any potential claim under the pleadings that falls within the policy's coverage.  *GEICO Gen. Ins. Co. v. Austin Power, Inc.*, 357 S.W. 3d 821, 824 (Tex. App.--Houston [14th Dist.] 2012).

### Background

KB was an "additional insured" to Innovative's commercial general liability policy[1] for a one-year term of October 18, 2000

---

[1] Indian Harbor's complaint states that "Innovative did work as a concrete subcontractor for KB at various times and on various projects spanning multiple year periods."  #1, ¶ 6.

through October 18, 2001, issued by Indian Harbor.  KB served as the general contractor for the construction of a 246 single-family home community, known as Mirasol, in San Antonio, Bexar County, Texas.  In two underlying suits, which were consolidated for trial, KB and Innovative were sued for alleged construction defects and property damage at the Mirasol homes.  *San Antonio Housing Authority v. Magi Realty, et al.,* Bexar County District Court Case No. 2007-CI-05258, filed on April 9, 2007 ("the *SAHA* action"), and *Arias, et al. v. KB Home, et al.*, Bexar County District Court Case Ni. 2009-CI-05175, filed on May 28, 2009 ("the *Arias* action").  In mid-2011, the parties reached a settlement.  On May 13, 2011 Indian Harbor filed this action in federal court seeking a determination that it owes no obligation to KB and followed it with a motion for summary judgment (#11); KB has filed a cross motion for summary judgment (#27).

## KB's Request for Judicial Notice (#28)

Of the twenty-four documents of which KB asks the Court to take judicial notice, ten are petitions filed in the *SAHA* action; twelve are petitions filed in the *Arias* action; the twenty-first document is a Notice of Nonsuit by the San Antonio Housing Authority in *Arias*; the twenty-second is an Agreed Order of Dismissal with Prejudice, filed on December 14, 2011 in the *Arias* action; and the last two, a Motion for Summary Judgment filed by Essex Insurance Company in a state declaratory relief action, where

KB litigated the same coverage with respect to the same underlying petitions, and a Notice of Ruling in that suit, *Essex Insurance Company v. KB Home a/k/a KB Home, Inc., KB Home Loan Star, Inc.*, Cause No. 2010-CI-23181, in the District Court of Bexar County, Texas, 150th Judicial District.

## Court's Decision

After reviewing Indian Harbor's Opposition (#31), KB's reply (#43), Indian Harbor's Sur-Reply (#48), and KB's Sur-Reply (#53), the Court concurs with KB that the Court should properly take judicial notice of the proffered court documents not for the facts stated in them or the matters asserted, but as a complete record of the petitions in the underlying actions and for the allegations pleaded, on their face.  Under the "eight corners" rule, the court must look to the pleadings in the underlying suits to resolve the duty-to-defend coverage dispute here, which is also a substantial basis of the cross-motions for summary judgment.  As for the last two exhibits from the *Essex* case, KB asks that they be noticed for the fact that a Motion for Summary Judgment was filed and that a Notice of Ruling was issued and because the summary judgment adjudicated the same coverage defenses raised by Indian Harbor regarding the same set of underlying petitions here.  The court in *Essex* determined that there were covered claims of negligence alleged in the 20 underlying petitions, thus triggering Essex Insurance Company's duty to defend.  SAHA's Notice of Nonsuit of

its causes of action for fraud and conspiracy (Ex. 21) is included because it supports KB's statement in its cross-motion that the underlying *Arias* action went forward only on allegations of negligence and breach of contract and to expose Indian Harbor's misleading argument that the action involved fraud and conspiracy, but did not involve covered negligence claims (discussed at length it its cross-motion for summary judgment).

Accordingly, the Court

ORDERS that KB's request for judicial notice (#28) is GRANTED.

**SIGNED** at Houston, Texas, this  12th  day of   July  , 2012.

                MELINDA HARMON
        UNITED STATES DISTRICT JUDGE